**Jeanne TWOHIG, Individually and on behalf of Megan Daly Twohig and Caitlin Noel Twohig, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 88–8–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

April 18, 1989.

William L. Madden, Jr., Bozeman, Mont., for plaintiffs.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, arising out of the death of plaintiffs' decedent after being buried in an avalanche at the Lolo Pass Winter Sports Area. The complaint alleges that defendant operates the Lolo Pass ski area in the vicinity of "Mt. Fuji," which is located within the Clearwater and Lolo National Forests, and has a duty to exercise reasonable care to inspect and make the area safe for use by skiers and to warn of dangers involving unreasonable risk of harm, including the danger of avalanche. Defendant's negligence in failing to employ adequate procedures and adequately trained personnel for detection and warning of avalanche danger and in failing to inspect for and to warn of avalanche danger is alleged to be the cause of decedent's death.

The United States filed a motion to dismiss the action on two grounds, which are also raised in its answer by way of affirmative defense: first, that the claim is barred by the Idaho Recreational Use Statute, Idaho Code § 36–1604; and second, that the claim is barred by the discretionary function exception to the Tort Claims Act, 28 U.S.C. § 2680. Plaintiff moves for partial summary judgment on the same issues.

### 1. Idaho Recreational Use Statute

The parties agree that the accident in question occurred within the state of Idaho and that Idaho law therefore applies.

Under Idaho law, a landowner owes no duty of care to keep premises safe for entry by others for recreational purposes or to warn of dangerous conditions persons entering for such purposes, unless a fee is charged for such use. I.C. § 36–1604.

The United States argues that no fee was charged for recreational purposes at the Lolo Pass ski area, and that the purchase of a "Park 'n' Ski" permit by the decedent's companions does not constitute the payment of a fee by the decedent. Under *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), an FTCA action may be brought only if the state in which the alleged misconduct occurred would permit a cause of action. Therefore, the government argues that the claim is barred by Idaho law.

Plaintiff agrees that liability must be established in accordance with the law of Idaho. 28 U.S.C. § 2674. Plaintiff asserts, however, that the recreational use statute does not shield the government from liability in this case. Although plaintiff raises a number of arguments in support of her position, for the reasons discussed below the court finds it necessary to address only one of the grounds raised.

Plaintiff argues that the "Park 'n' Ski" permit purchased by the decedent's companion renders the recreational use law

inapplicable. Cross-country skiers using the Lolo Pass area are required to purchase such a permit to use the area if a vehicle is parked in the area parking lot. The permit admits the driver and all other occupants of the vehicle. The vehicle in which the decedent rode to the Lolo Pass area had a valid permit. Plaintiff's supporting documents show that the state of Idaho sells the Park 'n' Ski permits and remits 90% of the revenues to the U.S. Forest Service, which applies the earmarked funds to maintain the area, including plowing the parking lot, grooming trails, and purchasing signs and markers.

### 2. Discretionary Function

Pursuant to 28 U.S.C. § 2680(a), the United States is immune from tort claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused."

The government having conceded at oral argument that the discretionary function exception does not apply in this case, plaintiff's motion for summary judgment will be granted on this issue. *See Arizona Maintenance Co. v. United States*, 864 F.2d 1497, 1504 (9th Cir.1989); *Camozzi v. Roland/Miller & Hope Consulting Group*, 866 F.2d 287, 292 (9th Cir.1989).

### Discussion

■ The Idaho Recreational Use Act, I.C. § 36–1604, limits liability of landowners who gratuitously open their property for public use for recreational purposes. In pertinent part, the act provides: "An owner of land owes no duty of care to keep the premises safe for entry by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." I.C. § 36–1604(c). By its express terms, the act does not apply "to any person or persons who for compensation permits the land to be used for recreational purposes." I.C. § 36–1604(f)(3).

The Idaho Supreme Court has held that the act applies to public entities. *McGhee v. City of Glenns Ferry*, 111 Idaho 921, 729 P.2d 396 (1986); *Corey v. State of Idaho*, 108 Idaho 921, 703 P.2d 685 (1985).

Recreational use acts similar to Idaho's have been the focus of much litigation, where often the issue is whether compensation or consideration was paid for use of the land. Frequently, the result depends upon the precise language of the statute. In states with "quid pro quo" language, defining "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land," courts require that the plaintiff actually have paid such a specific admission fee in order to find liability on the part of the defendant. *See, e.g., Genco v. Connecticut Light & Power Co.*, 7 Conn.App. 164, 508 A.2d 58, 61–62 (1986); *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309, 313 (1984); *Midwestern, Inc. v. Northern Kentucky Comm. Center*, 736 S.W.2d 348, 351 (Ky.App.1987): *O'Neal v. United States*, 814 F.2d 1285, 1288 (9th Cir.1987) (applying Oregon law); *Hegg v. United States*, 817 F.2d 1328, 1330 n. 2 (8th Cir. 1987) (applying Iowa law); *Viess v. Sea Enterprises Corp.*, 634 F.Supp. 226, 229 (D.Haw.1986) (applying Hawaii law).

Like Idaho, many states do not define the consideration aspect so narrowly, and hence the courts have not given these statutes such a narrow construction. For example, California's recreational use act excepts the case "where permission ... was granted for a consideration." Cal.Civ.Code § 846(b). Construing this section, the Ninth Circuit has denied the protection of immunity to the United States as landowner on two occasions. In *Thompson v. United States*, 592 F.2d 1104 (9th Cir.1979), the plaintiff was a participant in a motorcycle race held on federal land and conducted by a licensee of the United States. The licensee paid the government a $10 application service fee and a rental charge of $10. In turn, plaintiff was charged by the licensee an entry fee in the amount of six dollars. The court found these payments sufficient to constitute "consideration" within the meaning of the California law

and concluded that the government was not immune from liability. *Id.* at 1108.

In *Graves v. United States Coast Guard,* 692 F.2d 71 (9th Cir.1982), the plaintiff was injured on federal property when he dove into the Colorado River from a cabana leased from the government by a private party. Plaintiff and his companions had paid the government's lessee for the privilege of camping near the river. The court concluded that "the use of the cabana and access to the river were implied benefits received as a consequence of the payment of consideration to the campground operator," and therefore that the government was not shielded from liability. *Id.* at 73.

Nevada's recreational use law, which defines consideration in a similar manner, has been given the same construction. *Ducey v. United States,* 713 F.2d 504 (9th Cir. 1983). In that case, the spouses of the three plaintiffs had been killed in a flash flood in the Lake Mead National Recreational Area in Nevada, where they had been camping on the banks of the Colorado River. Although none of the three had paid a fee to gain entrance to the public lands, two had paid rental fees to a concessioner for a boat slip and one had rented a trailer space. The concessioner was required by contract to remit 1¾% of its gross annual receipts to the United States.

Relying on the broad language of the Nevada statute, the court found that a consideration had been paid to the United States:

> The policy underlying the adoption of a consideration exception to the Nevada recreational use statute is to retain tort liability in actions involving recreational use of land where the use of the land for recreational purposes is granted not gratuitously but in return for an economic benefit.... [W]here a landowner derives an economic benefit from allowing others to use his land for recreational purposes, the landowner is in a position to post warnings, supervise activities, and otherwise seek to prevent injuries....

*Id.,* 713 F.2d at 510–11. The court also emphasized the ability of such a landowner to purchase liability insurance or to self-insure, and noted that this ability exists whether the economic benefit is realized through direct entrance fees or "in the form of revenues from a connected economic enterprise." *Id.* at 511.

The court in *Ducey* distinguished its earlier decision in *Jones v. United States,* 693 F.2d 1299 (9th Cir.1982), where it had held that the rental of an innertube from a concessioner in the Olympic National Park did not constitute consideration paid to the United States. The *Ducey* court explained that Washington law, applied in *Jones,* was much more narrowly drafted in its definition of "consideration," and that the *Jones* decision failed to consider whether the actual or potential benefits to the government could constitute a "fee" or "charge" under Washington law. *Ducey,* 713 F.2d at 512–13 n. 12.

Idaho's statute is more akin to that of Nevada and California, and should be given the same construction. In fact, notations to the statute indicate that it was based on the laws of Nevada and California. Although the court has attempted to examine the legislative history for further guidance, the information available is scant and offers no assistance to interpretation.

Therefore, applying the analysis of *Ducey* to the facts of this case, the court finds that the "compensation" exception has been satisfied and the government cannot be shielded from liability. The evidence shows that although the Park 'n' Ski program is administered by the state of Idaho, 90% of the revenues derived from Lolo Pass permits are remitted to the United States for the specific maintenance of the ski area. The monies are not used exclusively for maintenance of the parking lot, and permits are not required unless the occupants of the vehicle are entering the area to ski. The deposition testimony shows that the Forest Service has received economic benefits from the Park 'n' Ski program. Deposition of Larry Dean Keown at 45. A tangible economic benefit thereby inures to the government for per-

mitting the land to be used for recreational purposes, and the consideration exception applies. *Ducey*, 713 F.2d at 514.

■ The result is not changed by the fact that the decedent himself did not purchase the permit. "Courts that have considered the 'consideration' issue in interpreting similar statutes have held that the consideration need not come from the ultimate user but it must be paid by someone so as to create access to the premises." *Kantner v. Combustion Engineering*, 701 F.Supp. 943, 948 (D.N.H.1988). For example, in *Hallacker v. Nat. Bank & Trust Co. of Gloucester*, 806 F.2d 488, 492 (3rd Cir. 1986), applying New Jersey law, the court found the consideration exception satisfied despite the fact that the decedent was a guest of the party who had actually paid the consideration. The *Hallacker* court cited *Ducey* in support of its holding. *Id.* at 491–92.

In view of these authorities, and based upon the particular language of the Idaho statute, the court finds the "compensation" exception satisfied in this case and holds that the government is not entitled to immunity by virtue of Idaho's recreational use act. In view of this holding, plaintiff's remaining arguments need not be considered.

Accordingly, IT IS HEREBY ORDERED that the United States' motion to dismiss is DENIED and plaintiff's motion for partial summary judgment is GRANTED on both issues raised herein. In accordance with Fed.R.Civ.P. 54(b), final judgment shall not enter at this time.