36 P.3d 1275

Jimmie Wayne ALLEN,
Plaintiff–Appellant,

and

Richard and Jacki Allen, Plaintiffs,

v.

STATE of Idaho, by and through the DE-
PARTMENT OF PARKS AND RECRE-
ATION, Defendant–Respondent.

No. 25929.

Supreme Court of Idaho,
Moscow, April 2001 Term.

Dec. 3, 2001.

Randall, Blake & Cox; Scott Chapman, Lewiston, for appellant.

Hon. Alan G. Lance, Attorney General; Roger L. Gabel, Deputy Attorney General, Boise, for respondent.

WALTERS, Justice.

This is an appeal by Jimmie Wayne Allen from the district court's grant of summary judgment in favor of the State of Idaho. The district court held that the State was immune from liability for injuries suffered by Jimmie while fishing in a state Park. We vacate the judgment and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 1998, Jimmie and his father, Richard Allen, went to Winchester Lake State Park in Lewis County to fish. They

paid a fee of $2.00 at the entrance to the Park to enter the Park in their vehicle. While the parties disagree as to how the accident occurred, it is undisputed that while fishing, Jimmie fell into Winchester Lake and impaled his left thigh on a steel fence post located under the water.

Jimmie and his parents as guardians ad litem filed suit against the State alleging both a failure to make the premises safe and a failure to warn of an unreasonably dangerous condition. In response to the complaint, the State filed a motion to dismiss the action contending that the State is protected from liability under Idaho's recreational land use statute, I.C. § 36–1604. Under the statute, a landowner assumes no liability for inviting or permitting any person to use its property without charge for recreational purposes. Finding that the Allens had not been charged by the State for fishing at the Park, the district court held that the immunity provisions of I.C. § 36–1604 applied and granted summary judgment in favor of the State. On appeal, the Allens contend that the $2.00 vehicle entrance fee constitutes a charge to use the Park for recreational purposes.

## DISCUSSION

### A. Standard of Review

[■] Where a motion to dismiss for failure to state a claim upon which relief can be granted is supported by affidavits outside the pleading, the motion is treated as a motion for summary judgment. I.R.C.P. 12(b). The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the summary judgment motion. See Avila v. Wahlquist, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); Thomson v. Idaho Ins. Agency, 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). All disputed facts are to be liberally construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. See Avila, 126 Idaho at 747, 890 P.2d at 333; Thomson, 126 Idaho at 529, 887 P.2d at 1036. Summary judgment is appropriate if "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The construction and application of a legislative act are pure questions of law, over which this Court exercises free review. See Idaho State Ins. Fund v. Van Tine, 132 Idaho 902, 905, 980 P.2d 566, 569 (1999).

### B. Idaho's Recreational Use Statute

[■] The purpose of Idaho's recreational use statute is to "encourage owners of land to make land and water areas available to the public without charge for recreational purposes by limiting their liability toward persons entering thereon for such purposes." I.C. § 36–1604(a). The statute further provides, in relevant part, that "[a]n owner of land owes no duty of care to keep the premises safe for entry by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." I.C. § 36–1604(c). Pursuant to this statute, a landowner who permits a person to enter or go upon the land without charge for a recreational purpose owes that person only the same duty as owed by the landowner to a trespasser. Jacobsen v. City of Rathdrum, 115 Idaho 266, 766 P.2d 736 (1988). That duty is simply to refrain from willful or wanton acts which might cause injury. Peterson v. Romine, 131 Idaho 537, 960 P.2d 1266 (1998). The protection offered by the act, however, only extends to those landowners that do not "charge" for the use of their premises, see I.C. § 36–1604(d), or otherwise require "compensation" for the recreational use of their property. See I.C. § 36–1604(f)(3). The recreational use statute, however, does not define the term "charge." This Court has held that the act applies to public entities. See Nelson v. City of Rupert, 128 Idaho 199, 911 P.2d 1111 (1996); Corey v. State of Idaho, 108 Idaho 921, 703 P.2d 685 (1985).

It is undisputed that the Allens paid the $2.00 admission fee to enter Winchester Lake State Park in their vehicle on the day of the accident. The $2.00 entrance fee for the Allens' vehicle bore no relation to the number of persons in the vehicle and there-

fore served also as a charge covering all of the individuals who entered the Park in the vehicle. Upon entering the Park after paying the $2.00 fee, those individuals—including Jimmie Allen—were not prohibited from engaging in recreational activities, if they wished. They were not required to pay any additional charge or fee to fish or to otherwise use the lake in a particular recreational manner, having already been charged for entering the Park in their vehicle. Jimmie and his father chose, as they had planned, to engage in fishing. Fishing is an activity specifically included in the definition of "recreational purposes" in I.C. § 36–1604(b)(3). Indeed, nothing in I.C. § 36–1604 requires that the recreational user formulate a specific intent to use the property for recreational purposes, and if the person actually uses the property for recreational purposes, as Jimmie Allen did in this case, no showing of a specific intent to do so is required. *Jacobsen v. City of Rathdrum, supra.*

In support of its motion to dismiss the Allens' complaint because the Allens had not been "charged" for the use of the Park but had merely paid an entry fee to use the parking lot, the State presented the affidavit of the park ranger, Brian Burky. Ranger Burky stated that "the motor vehicle entrance fees are imposed, *in substantial part,*

to fund construction and maintenance of roads and vehicle parking areas located in the park." (Emphasis added.) This statement shows that not *all* of the money generated by the entrance fees was used for the maintenance of the parking area or for the construction and maintenance of roads in the Park but rather provided a source of funds that may be used for other purposes without limitation. We find no provision in the recreational use act, however, that conditions the landowner's protection from liability upon the use to which the landowner puts the money received from a recreational user who pays to enter the property and then engages in recreational activities while on the landowner's property. The fact that a portion of the fee charged may have been intended by the State for the upkeep of the Park, its roads, or the parking lot, is irrelevant.

Ranger Burky acknowledged in his affidavit that the State collects "motor vehicle entrance fees from those wishing to drive a motor vehicle into the park." He explained that on May 31, 1998, the date of the accident in this case, there was a tollbooth located at the entrance to Winchester Lake State Park. Burky submitted with his affidavit a photograph showing the tollbooth with two signs located on the booth. The first sign stated:

ALL VEHICLES
STOP AND REGISTER

CAMPERS REGISTER IN CAMPGROUND
DAY VISITORS PAY FEE HERE

Below the window of the tollbooth was the second sign, which stated:

| | PARK FEES | |
|---|---|---|
| | R.V. HOOKUP SITES | 16.00 |
| CAMPING | NON–HOOKUP SITES | 12.00 |
| | EXTRA VEHICLE | 6.00 |
| DAY USE | MOTOR VEHICLE ENTRANCE FEE | 2.00 |
| | ANNUAL PASS | 35.00 |

The signs did not state that the fee charged was a parking fee, nor did they state that users need not pay the fee if they parked in a specific parking lot. The signs simply state that a "day visitor" must pay a fee at the tollbooth and that the amount of that fee is $2.00 for entering the Park in a motor vehicle. That the fee charged was a vehicle entrance fee, not a fee for parking at the

main parking lot, is supported by the fact that the tollbooth was located at the entrance to the Park, not at the entrance to the main parking lot. There is nothing in the record showing that there was any sign at the main parking lot stating that an entrant must pay to merely park at that lot. It is logical that the entire Park was available for the use of the individuals in the vehicle, not just the lot

where the vehicle could be parked, once the entrance fee was paid.

The Allens were charged by the State to enter the Park, and they then used the Park for a recreational purpose. Jimmie Allen was injured while using the Park for a recreational purpose. Under these circumstances, the State as the landowner is not protected from liability by virtue of the recreational use act. The district court's decision to the contrary was erroneous.

## CONCLUSION

The district court's determination that the State of Idaho is immune from negligence liability under I.C. § 36–1604 is vacated. The case is remanded for further proceedings. Costs are awarded to the appellant as the prevailing party.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.