## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 42125

MARTIN HAYES and LYNN HAYES, )
husband and wife, and the marital )
community thereof, )
    )
    Plaintiffs-Appellants, )
    )
v. )
    )
CITY OF PLUMMER, a political subdivision, )
    )
    Defendant-Respondent, )
    )
And )
    )
WORLEY SCHOOL DISTRICT 44, a )
political subdivision, and ACCELERATED )
CONSTRUCTION & EXCAVATION, LLC, )
an Idaho limited liability company, )
    )
    Defendants. )
    )
    )
    ).

Coeur d'Alene, August 2015

2015 Opinion No. 98

Filed: September 30, 2015

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Fred M. Gibler, District Judge.

District court order granting summary judgment, <u>affirmed.</u>

Winston & Cashatt Lawyers, Coeur d'Alene, for appellants. Michael T. Howard argued.

Lake City Law Group, PLLC., Coeur d'Alene, for respondents. Jennifer Fegert argued.

_____

BURDICK, Justice

     This case concerns an appeal from the Benewah County District Court's grant of summary judgment in favor of respondent City of Plummer on Martin and Lynn Hayes's premises liability claims. The district court ruled that Idaho's Recreational Use Statute, Idaho

1

Code section 36-1604, provided limited liability protection because the City did not receive "compensation" or "charge" for the use of the land upon which Hayes was injured. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2011, Martin Hayes (Hayes)[1] was seriously injured after stumbling on uneven ground hidden by grass while attending his grandson's Pop Warner football game at the Plummer School Park (Park), which is owned by the City of Plummer (City). Hayes did not pay any fee or admission to enter the Park.[2] Hayes filed a premises liability claim against the City for his injuries.[3] In turn, the City filed a motion for summary judgment on the basis that the City was entitled to a limit on liability under Idaho's Recreational Use Statute. The district court granted the City's motion.

On October 13, 1976, the Western Benewah School District (School District) conveyed the Park to the City in fee simple for consideration of ten dollars. The Park was deeded shortly after both parties entered into a formal agreement to "develop outdoor recreational facilities for general public outdoor recreation use" as outlined in the parties' Joint Service Agreement (JSA). Both parties assume as fact that School Park was transferred to the City in 1976 for the sole purpose of obtaining a federal grant for improvements, which were not available if the School District continued to own it. As a result of this transaction, the City was able to obtain a federal grant from the Land and Water Conservation Fund (LWCF) to make general improvements to the park for public use and enjoyment. Pursuant to the JSA, the City agreed to construct joint facilities in the park for public use in conjunction with school activities, and the School District agreed to maintain the facilities.

Although the School District pays for all maintenance, water, and electric utilities; has made significant improvements to the facilities; maintains property insurance for those improvements; and controls the scheduling for organized events, the Park is generally open to the public at no expense. For this reason, the district court ruled that Idaho's Recreational Use

---

[1] Although we recognize that the appeal has been filed by both Martin and Lynn Hayes, both parties in briefing and in oral arguments refer to only Martin in the singular. Because Martin's injuries are the central issue in this appeal, we shall follow suit.

[2] The Pop Warner program is annually organized and supported by the Coeur d'Alene Tribe and the Plummer community. The program has no affiliation to the School District or the City, although the program did reserve the field through the School District's scheduling form. It is undisputed that the Pop Warner program used the fields at no expense to the program, the players, or those in attendance.

[3] Defendants Worley School District #44 and Accelerated Construction and Excavation, LLC were also listed in the original claim, but were dismissed from this action by stipulation and are not part of this appeal.

2

Statute, Idaho Code section 36-1604, provided the City of Plummer with immunity because the City did not receive 'compensation' or 'charge' for use of the land upon which Hayes was injured. Hayes filed a timely notice of appeal on April 22, 2014.

## II. STANDARD OF REVIEW

This Court reviews a ruling on summary judgment under the same standard as the trial court. *Gracie, LLC v. Idaho State Tax Comm'n*, 149 Idaho 570, 572, 237 P.3d 1196, 1198 (2010). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts "should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). The interpretation of a statute is a question of law that the Supreme Court reviews de novo. *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011).

## III. ANALYSIS

Hayes's appeal ultimately hinges on whether the School District's payment of utilities and property insurance, maintenance, improvements to the facilities, and control of the Park's activities schedule constitutes "compensation" that the City "charged" to the School District in exchange for the use of the Park. Hayes also contends that an issue of fact exists as to whether Hayes entered the Park under the scope of the School District's "permission and use." However, no legal authority is cited to support the second argument, nor does any authority suggest that a third party organizing and scheduling events on public land would cause a landowner to forfeit immunity under the Recreational Use Statute. When issues presented on appeal are not "supported by propositions of law, citation to legal authority, or argument they will not be considered by this Court." *Lebow v. Commercial Tire, Inc.*, 157 Idaho 379, 384, 336 P.3d 786, 791 (2014). As such, we shall limit our analysis to the dispositive issue of whether the City received compensation for use of the Park for this activity.

**The School District's payment of all utilities, ongoing maintenance, and scheduling of the Plummer School Park is not a "charge" or "compensation" under Idaho's Recreational Use Statute.**

Idaho's Recreational Use Statute was intended to encourage landowners to make land "available to the public without charge for recreational purposes." I.C. § 36-1604(a). A

"landowner" who provides property for public recreational use is afforded a limitation of liability and "owes no duty of care to keep the premises safe for entry by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." I.C. § 36-1604(c). The owner assumes no liability if any person is invited or permitted to use the property for recreational purposes "without charge." *See* I.C. § 36-1604(d). A landowner's limitation of liability is not extended "to any person or persons who for compensation permit the land to be used for recreational purposes." I.C. § 36-1604(g)(3). Neither the term "charge" as twice used in the statute, nor the term "compensation" as used in the exception clause, are defined. Thus, the scope of Idaho's Recreational Use Statute is a matter of statutory interpretation.

The objective of statutory interpretation is to "derive the intent of the legislative body that adopted the act." *Farber v. Idaho State Ins. Fund*, 147 Idaho 307, 310, 208 P.3d 289, 292 (2009). Statutory interpretation "begins with the literal language of the statute" and "provisions should not be read in isolation, but must be interpreted in the context of the entire document." *Id.* Words should be given their "plain, usual, and ordinary meanings" and only if the language is "ambiguous" may this court "consider rules of statutory construction." *Id.* "Charge" is ordinarily defined as "to demand a fee; to bill." *Black's Law Dictionary* 282 (10th ed. 2014). "Compensation" is defined as "remuneration and other benefits received *in return for services rendered*." *Black's Law Dictionary* 342–43 (10th ed. 2014) (emphasis added). As plainly read in the context of the statute, the statutory language unambiguously demonstrates that the terms "charge" and "compensation" only reflect payment for direct use or admission to the property. Consistent with such an interpretation, persuasive authority has only applied the compensation exception in instances where a landowner received monetary payment specifically for the public's entrance or enjoyment of a recreational area.

First, this court applied the compensation exception to Idaho's Recreational Use Statute where plaintiffs paid a vehicle entry fee to park their car in an Idaho state park. *Allen v. State ex rel. Dep't of Parks and Recreation*, 136 Idaho 487, 488, 36 P.3d 1275, 1276 (2001). In *Allen*, the injured plaintiff was impaled on a submerged fence post while fishing in the state park and subsequently filed a premises liability claim against the state. *Id.* This Court reversed the district court's dismissal of the claim and applied the compensation exception on the basis that the fee was levied against the public for its use of the property. *Id.* at 488–89, 36 P.3d at 1276–77.

4

Unlike *Allen*, it is undisputed that Hayes entered the Park at no expense whatsoever. No assertion has ever been made that either the School District or the City benefited by Hayes's access to the Park in any way. Although *Allen* is the only binding Idaho case on point for the current issue, a number of federal decisions also provide guidance.

The most comparable case outside our jurisdiction comes from the United States District Court for the District of Idaho, which held that a state snowmobile registration fee did not erode a county's immunity under Idaho's Recreational Use Statute. *Albertson v. Fremont Cnty., Idaho*, 834 F. Supp. 2d 1117, 1131 (D. Idaho 2011). In *Albertson*, the plaintiffs' decedent was killed while snowmobiling in the Caribou-Targee National Forest. *Id.* at 1132. The plaintiffs argued Idaho's Recreational Use Statute did not shield the county from liability due to a registration fee all snowmobile owners are required by law to pay under Idaho Code section 67–7102. *Id.* at 1130. Evidence demonstrated that a portion of the State's registration fee was used to fund maintenance of the Caribou-Targee National Forest trails. *Id.* at 1131. Through the program, the plaintiffs' decedent designated eighty-five percent of his registration fee to go specifically to the Fremont County parks program. *Id.* Although the plaintiff paid a fee to the state, and a large percentage of that fee was directly used for the upkeep of the recreation area, the court held that the compensation exception did not apply. *Id.* at 1132. Applying *Allen*, the court reasoned, "The fact that a portion of the fee charged may have been intended by the State for the upkeep of the Park, its roads, or the parking lot, is irrelevant." *Id.* at 1131. The determining factor for the *Albertson* court was that the state park was open and freely accessible to the general public. *See id.* The *Albertson* court also narrowly defined "charge" as "consideration given in return for the express and direct privilege of being allowed to utilize the property, in money or other thing of value." *Albertson*, 834 F. Supp. 2d at 1131 (quoting *Corey v. State*, Case No. 57158, First Dist., Kootenai County, Mem. Op., May 23, 1984).[4]

Hayes relies upon a Ninth Circuit decision applying the "consideration" exception of Nevada's Recreational Use Statute[5] to support his argument. *Ducey v. United States*, 713 F.2d 504, 507 (9th Cir. 1983). In *Ducey*, the plaintiffs were killed in a flash flood while camping and

---

[4] The Kootenai County District Court's decision was affirmed by this Court in *Corey v. State*, 108 Idaho 921, 923, 703 P. 2d 685, 687 (1985), however the compensation exception was not addressed as an issue on appeal.

[5] Nevada's Recreational Use Statute does not extend immunity for "injury suffered in any case where permission to participate in recreational activities was *granted for a consideration* other than the consideration, if any, paid to the landowner by the State or any subdivision thereof." Nev. Rev. Stat § 45.510(2)(a)(ii) (emphasis added).

boating on the Colorado River, operated by the National Park Service. *Id.* No entry or admission fees were paid, but all three plaintiffs paid "money for store purchases, moorage fees, and trailer space rental fees" to a concessioner, which ultimately shared 1.75 percent of its profits with the United States government. *Id.* at 509. Although no direct admission was paid, the Ninth Circuit's decision was predicated on the fact that the concessioner's fees for trailer space and boat slips amounted to charging the public "in return for permission to recreate." *Id.* at 514. Unlike *Ducey*, there is no suggestion that the City benefited by Hayes's use or admission into the Park, directly or indirectly. In fact, no fee was levied for admission or use of the Park whatsoever, and all members of the public could recreate free of charge.

Hayes also cites to *Twohig v. United States*, 711 F. Supp. 560, 563 (D. Mont. 1989) as evidence that Hayes's free admission into the Park is irrelevant. In *Twohig*, the United States District Court for the District of Montana applied Idaho's Recreational Use Statute and held that because a ski area charged for passes, the recreational area was receiving "economic benefits" from the general public's use. *Id.* Even though the individual plaintiff entered for free using a friend's pass, the court held that the compensation did not need to be paid directly by the plaintiff, but only that the owner received "tangible economic benefit" from permitting the user access to the land. *Id.* Although the plaintiff himself did not pay for the pass, the landowner in *Twohig* received direct economic benefit from the plaintiff's admission and use through the paid pass and therefore was not protected by Idaho's Recreational Use Statute. *Id.* at 564. The facts being inapposite in the present matter, *Twohig* does not support Hayes's argument.

The present issue is unique from the standpoint that the City benefits from the School District's services, yet the Park remains open and free to the general public. Notably, subsection (e) of Idaho's Recreational Use Statute contemplates that land owners may enter into leases or other arrangements within the protection of the statute. *See* I.C. § 36-1604(e). Under subsection (e), a private entity may lease land to the state, presumably for compensation or profit, yet immunity may be extended so long as the land is leased "for recreational purposes" and no charge is levied against the public for access or use of the land. *Id.* By analogy, land leased from a public landowner to a private entity for public recreational purposes would also fall under the protection of the statute. The arrangement between the City and the School District, although unusual, is not unlike a land-lease agreement expressly contemplated by Idaho's Recreational Use Statute. The JSA between the City and the School District specifically articulates that the

6

arrangement is intended to better allocate resources for the "mutual best interest" of developing "outdoor recreational facilities for general public outdoor recreation use . . . ." Although Hayes is correct in recognizing the JSA reflects the City and the School District's "joint operation and use of the facilities," he is incorrect regarding the assertion that as a matter of law "the Recreational Use Statute does not depend upon the general character of the property . . . ." Rather, the character of the property as a gratuitously accessible public recreational space is dispositive when determining whether the compensation exception to Idaho's Recreational Use Statute applies.

The intent and purpose of Idaho's Recreational Use Statute is to provide recreational access at no cost to the general public. I.C. § 36-1604(a). In this case, the City and the School District have done that by allocating resources in order to provide and maintain the Park for all to enjoy. Because the City did not charge or receive compensation from Hayes or the public for their use and enjoyment of the land, Idaho Code section 36-1604 provides a limitation on liability for Hayes's injuries. The district court properly granted summary judgment.

## IV. CONCLUSION

For the reasons stated above, we hereby affirm the district court's grant of summary judgment. Costs on appeal are awarded to respondent.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**

7