148 P.3d 1229

William C. SLAVEN, Claimant–Appellant,

v.

ROAD TO RECOVERY, Employer, and Idaho Commerce and Labor, Defendants–Respondents.

No. 32650.

Supreme Court of Idaho,
Eastern Idaho, October 2006 Term.

Nov. 6, 2006.

Rehearing Denied Dec. 21, 2006.

David E. Gabert, Pocatello, for appellant.

Honorable Lawrence G. Wasden, Attorney General, Evelyn B. Thomas, Deputy Attorney General, Boise and Frederick F. Belzer, Pocatello, for respondents.

SCHROEDER, Chief Justice.

William C. Slaven ("Slaven") was denied unemployment benefits by the Industrial Commission. He moved for reconsideration of the decision, seeking to offer additional evidence. The Commission denied his request to offer additional evidence and his claim for benefits. Slaven appeals.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Slaven is a licensed master's level social worker (LMSW) who was employed by Road to Recovery. Slaven advised his employer of his intentions to open his own business and the parties agreed he would remain employed by Road to Recovery for a period of time. As part of his preparations to open his own business, Slaven placed an advertisement in the phone book. The advertisement listed the credentials "LCSW" and "CADC" which stand for licensed clinical social worker and state certified alcohol and drug counselor. Slaven did not possess these qualifications. Road to Recovery fired him for the

misrepresentations. He sought unemployment compensation, asserting that the CADC listing was true because he had made arrangements to hire someone possessing that certification. He also alleged that the LCSW credential was a mistake on the part of the phone company which should have listed the credential as LMSW.

Initially Slaven was found to be eligible for unemployment benefits, but Road to Recovery requested an appeals hearing. Prior to the hearing Slaven was given notice of the hearing and the issues to be determined. He was also given notice that except in rare instances, this might be the only time he would be able to present witnesses and give evidence regarding his side of the issues. The document also provided information on how to admit documents into the record. At the hearing the appeals examiner found Slaven not credible in his claim that the directory publication was a mistake. The examiner determined Slaven was not eligible for unemployment benefits because he had been fired for misconduct.

Slaven appealed to the Industrial Commission which affirmed the decision of the appeals examiner. Slaven filed a motion for reconsideration. He cited several allegations of error and attempted to introduce new evidence corroborating his testimony. The Industrial Commission granted his motion in part by changing some statements made in the initial order. The Commission denied his motion as to the submission of new evidence because he failed to allege or demonstrate that the evidence was not available at the time of his hearing before the appeals examiner. The Industrial Commission did not find sufficient grounds to alter its prior decision. Slaven claims that the Industrial Commission abused its discretion when it failed to consider the additional evidence and that this abuse of discretion was unfairly prejudicial to his claim.

## II.

## STANDARD OF REVIEW

■ The Industrial Commission may, in its sole discretion, decide that the "interests of justice require that the interested parties be permitted to present additional evidence. The Commission's decision on whether to consider additional evidence will not be overturned unless it abused its discretion." *Uhl v. Ballard Medical Products, Inc.,* 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003) (citing *Quinn v. J.R. Simplot Co.,* 131 Idaho 318, 321, 955 P.2d 1097, 1100 (1998)).

## III.

## THE INDUSTRIAL COMMISSION DID NOT ABUSE ITS DISCRETION IN REFUSING TO CONSIDER ADDITIONAL EVIDENCE

Slaven maintains the Industrial Commission abused its discretion when it did not consider the additional corroborative evidence in ruling on the motion for reconsideration. He maintains that the dates on the documents he offered are dated after the time of the hearing, so they would not have been available at the hearing. Further, he asserts that the failure of the Industrial Commission to consider the corroborating evidence was unfairly prejudicial and that the additional evidence could have altered the decision of the hearing examiner who did not believe his sworn testimony.

■ Slaven says that he had no way of knowing that he needed additional corroborating evidence before the hearing. It was only when the appeals examiner and Industrial Commission did not believe him that he sought additional evidence to support his story. He asserts that it is manifestly unreasonable to require him to anticipate that his sworn testimony would not be believed without any evidence to the contrary and to preclude him from presenting evidence after the hearing to corroborate his testimony. His sole issue on appeal is whether the Commission's evidentiary ruling was an abuse of discretion. The question of whether the hearing examiner and the Commission could disregard his uncontradicted testimony has not been stated as an issue or briefed and argued. Consequently the issue is waived. E.g., *Painter v. Potlatch Corp.,* 138 Idaho 309, 314, 63 P.3d 435, 440 (2003).

■ The motion for reconsideration is governed by Idaho Code § 72–1368(7) which provides that claims for review by the Commission shall be decided "in accordance with its own rules of procedure" not in conflict with other law. The Commission has adopted Rule 6(B) of the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law as the correct manner in which to present additional evidence to the Commission. *Uhl,* 138 Idaho at 657, 67 P.3d at 1269. Rule 6(B) states:

> The party or parties requesting a hearing shall submit the following information with the request for hearing:
>
> 1.  the reason for requesting the hearing;
> 2.  whether the party desires to present evidence to the Industrial Commission in addition to that presented to the appeals examiner;
> 3.  a description of the evidence the party desires to present;
> 4.  an explanation of why the proposed evidence is relevant to the issues before the Industrial Commission; and
> 5.  reason why the proposed evidence was not presented before the examiner.

*Id.* (citing R.A.P.P. 6(B)). The ability to present additional evidence is not an "unbridled right to present a substantially new case, absent some showing as to why the evidence had been unavailable earlier." *Teevan v. Office of the Attorney General,* 130 Idaho 79, 81, 936 P.2d 1321, 1323 (1997) (quoting *Rogers v. Trim House,* 99 Idaho 746, 750, 588 P.2d 945, 949 (1979)).

This Court has consistently affirmed similar decisions by the Industrial Commission. In *Uhl,* a party failed to explain why evidence that a doctor inadvertently checked the wrong box in a form was not presented earlier. *Uhl,* 138 Idaho at 656, 67 P.3d at 1268. The Commission held that Uhl had "adequate time and access" to the doctor in order to obtain the information and that the doctor's letter explaining his mistake was inadmissible because such evidence was available at the time of the hearing before the appeals examiner. *Id.* The Court affirmed, holding that the Commission did not

abuse its discretion. *Id.* Recently the Court held that there was no abuse of discretion where the Commission did not allow new evidence when a party failed to address the reason why the evidence was not presented earlier. *Excell Const., Inc., v. State Dept. of Labor,* 141 Idaho 688, 693–94, 116 P.3d 18, 23–24 (2005). Excell argued that the Commission was mistaken in finding that it had possession of the documents at the time of hearing. *Id.* This Court held that even so, the determination was "secondary" to its finding that Excell did not meet the requirements of R.A.P.P. 6(B), stating that "[b]ecause Excell did not explain in its motion to the Industrial Commission why the disputed evidence was unavailable at the hearing below, this Court finds the Commission's refusal to conduct a new hearing or to consider new evidence was not an abuse of discretion." *Id.*

■ Slaven failed to address the reason why the evidence was not presented to the appeals examiner. He argues that the documents were unavailable because they were dated after the appeals hearing. However, the fact that documents are dated after a hearing does not establish that the information in them was not available to him at an earlier date. As in *Uhl,* it was a matter of asking for and obtaining the information or making a showing why that could not be done. There is no indication that the information in the documents was difficult to obtain. Slaven states that he did not seek out the evidence until after the Industrial Commission's Order. Regardless of Slaven's reasons for failing to present the evidence before the appeals examiner, he did not allege any such reason in his motion for reconsideration as required by R.A.P.P. 6(B). After *Excell,* it is clear that such a failure is enough for the Industrial Commission to deny the admission of new evidence.

The Industrial Commission did not abuse its discretion in denying Slaven's motion regarding the admission of new evidence. That is the sole issue briefed and argued to this Court.

## IV.

## CONCLUSION

The decision of the Industrial Commission is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES concur.