148 P.3d 1244

**Ted E. HUFF, Claimant–Appellant,**

v.

**John Slade SINGLETON, dba Slade Singleton Farms, Employer, and State of Idaho, Idaho Commerce & Labor, Respondents.**

No. 32259.

Supreme Court of Idaho,
October 2006 Term.

Nov. 28, 2006.

---

Ted Huff, Blackfoot, pro se appellant.

Jon Slade Singleton, pro se respondent.

JONES, Justice.

This is an appeal from an order of the Industrial Commission denying unemployment insurance benefits to claimant Ted Huff on the basis that he was discharged for misconduct in connection with his employment. We affirm.

## I.

Slade Singleton Farms employed Huff as a truck driver from November 15, 2003, until January 5, 2005. On January 5, Huff left a

telephone message on Jon Slade Singleton's voicemail after discovering that another Singleton driver had taken his assigned truck to Oregon to pick up a load. It is undisputed this message was delivered with an offensive inflection and contained profanity directed at Singleton. Singleton received the message and contacted Huff that night. The parties disagree whether Singleton discharged Huff during the ensuing telephone conversation, but Huff never returned to work for Singleton following their discussion.

Huff subsequently filed for unemployment insurance benefits with the Idaho Department of Commerce and Labor ("Department"). Huff's claim was initially granted by the Department. However, an Appeals Examiner with the Department reviewed Huff's eligibility and, after conducting a telephonic hearing, found that he was discharged for misconduct and denied his claim. Huff appealed the Appeals Examiner's decision to the Industrial Commission. The Commission adopted the Appeals Examiner's findings of fact and affirmed the decision. Huff subsequently sought reconsideration, claiming that his employer made untruthful statements during the telephonic hearing. The Commission denied reconsideration, stating that it had carefully reviewed the parties' arguments when it rendered its decision, and the record fully supported its decision. Huff appealed the Commission's decision to this Court.

## II.

■ When reviewing decisions of the Industrial Commission, this Court is limited to reviewing questions of law. Idaho Const. Art. V, § 9; *Pimley v. Best Values, Inc.*, 132 Idaho 432, 434, 974 P.2d 78, 80 (1999). This Court will not disturb factual findings supported by substantial and competent evidence. *Frank v. Bunker Hill Co.*, 142 Idaho 126, 130, 124 P.3d 1002, 1006 (2005). Where there is conflicting evidence, but the findings of the Commission are supported by substantial, competent evidence, the findings "must be sustained regardless of whether this Court may have reached a different conclusion." *Harris v. Electrical Wholesale*, 141 Idaho 1, 3, 105 P.3d 267, 269 (2004).

## III.

### A.

■ Huff appealed at all levels of this matter *pro se*. This Court adheres to the rule that persons acting *pro se* are held to the same standards and rules as those represented by attorneys. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). Idaho Appellate Rule 35 requires parties to list and argue issues presented on appeal. When issues presented on appeal are not supported by propositions of law, citation to legal authority, or argument they will not be considered by this Court. *Langley v. State*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995).

■ Huff presents eight issues on appeal. Seven of these issues fail to set forth legal arguments and are not supported by legal authority or propositions of law. Rather, these issues merely attempt to attack the credibility of Singleton or refute testimony presented by Singleton at the telephonic hearing. This Court will not reweigh the evidence or consider the credibility of witnesses. *Pimley*, 132 Idaho at 435, 974 P.2d at 81. Because these issues are not supported by legal argument or authority, and are mere attempts to attack the credibility of Singleton, they will not be considered by this Court. Huff presents only one appealable issue—whether Singleton discharged him during their telephone conversation on January 5.

### B.

■ Idaho Code § 72–1366(5) provides that a claimant is eligible for unemployment insurance benefits so long as his discharge was not for "misconduct in connection with his employment." Determining whether a claimant was discharged for misconduct in unemployment insurance cases is a question of fact that will not be disturbed if supported by substantial and competent evidence. *Harris*, 141 Idaho at 3, 105 P.3d at 269. Substantial and competent evidence is "relevant evidence that a reasonable mind might accept to support a conclusion." *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000).

Huff challenges the Commission's finding that Singleton discharged him during their telephone conversation. Huff contends that Singleton never made any comment that would indicate he intended to discharge him. Rather, Huff asserts that his absence at work following the telephone conversation was due to the fact that he believed Singleton had his truck in the shop to undergo maintenance. It was his understanding that Singleton would contact him to come back to work when the truck had been repaired.

This issue involves only the question of whether the Commission's finding is supported by substantial and competent evidence. According to the testimony of Singleton, he told Huff that "they were done" and they "needed to go their separate way" during the telephone conversation. Singleton's testimony was corroborated by a witness, Sonya Harris, who was in the room with Singleton and overheard his side of the telephone conversation with Huff. Harris testified further that Singleton immediately informed her after concluding the telephone conversation that he had just discharged Huff. The Appeals Examiner's finding reflects that he found the testimony of Singleton and Harris credible. Although Huff disputes the credibility of Singleton and Harris, this Court does not reweigh the evidence or consider the credibility of witnesses on appeal. *Pimley*, 132 Idaho at 435, 974 P.2d at 81.

Given the testimony of Singleton and Harris, substantial and competent evidence in the record exists to support the Commission's decision that Singleton discharged Huff during the telephone conversation on January 5.

## IV.

The order of the Industrial Commission denying unemployment insurance benefits is affirmed.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.