# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41234

| | | |
|---|---|---|
| CHANCE M. LEBOW, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, June 2014 Term |
| | ) | |
| v. | ) | 2014 Opinion No. 70 |
| | ) | |
| COMMERCIAL TIRE, INC., Major Base | ) | Filed: August 1, 2014 |
| Employer; IDAHO DEPARTMENT OF | ) | |
| LABOR, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RIGHT NOW, INC., Employer, | ) | |
| | ) | |
| Defendant. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is affirmed.

Chance M. LeBow, Meridian, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Idaho Department of Labor.

_____

ON THE BRIEFS

HORTON, Justice.

Chance LeBow (Claimant), proceeding *pro se*, appeals from the Industrial Commission's decision holding that he quit his job with Right Now, Inc. (Employer) without good cause and that Claimant willfully failed to report material facts for the purpose of collecting unemployment benefits. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2012, Claimant was laid off from Commercial Tire, Inc., due to lack of work. On November 20, 2012, Claimant filed for unemployment benefits and received a weekly benefit of $343.00.

On November 26, 2012, Claimant had an interview with Employer and was offered a position in Employer's apprenticeship program,[1] which paid eight dollars per hour and would begin December 3, 2012. During Claimant's interview, Employer explained to Claimant that his position would be on an on-call basis and that Claimant would be called in for work based upon the Employer's need for labor. Claimant accepted the position. Claimant began work on December 3, 2012. Claimant worked for eleven hours on December 3, 2012, and earned $88.00. Claimant did not receive a call to work the next two days. On December 5, 2012, Claimant went to Employer's office to discuss why he was not being called, and Employer informed Claimant that he would likely have work the next day. The following morning, Employer called Claimant to inform Claimant that he was needed on an assignment. Claimant verbally accepted the assignment but never showed for work. On December 6, 2012, Claimant was offered a job with Pizza Hut, delivering pizzas, for 10-25 hours per week, but the job did not commence until December 19, 2012.

On December 9, 2012, Claimant filed a continued claim for unemployment benefits for the week ending December 8, 2012, and reported that he had not worked the previous week, despite working eleven hours with Employer and earning $88.00 on December 3.

A work force consultant with the Department of Labor, Leyla Barthlome, discovered that Claimant failed to report his earnings from December 3, 2012, when she compared a new hire verification form submitted by Employer with Claimant's claim for continued unemployment benefits. Barthlome issued two eligibility determinations on February 25, 2013, which concluded that Claimant was not eligible for unemployment benefits because he failed to accept suitable work and that Claimant willfully made false statements and/or failed to report a material fact. As a result, the Department determined that Claimant had received overpayment of unemployment benefits in the amount of $1,372.00. On March 4, 2013, Claimant filed a request for an appeals hearing.

---

[1] The apprenticeship program consisted of four years of training to become a journeyman heating ventilation air conditioning (HVAC) installer.

On March 12, 2013, the Department served the parties a notice of telephonic hearing. The notice stated that the scheduled hearing was to determine:

(1) Whether the claimant's unemployment is due to failure without good cause to apply for available suitable work or to accept suitable work when offered, according to § 72-1366(6) and (7) … (2) whether the claimant made a false statement or willfully failed to report a material fact in order to obtain unemployment insurance benefits, according to § 72-1366(12) … (3) whether the claimant is subject to a (25%/50%/100%) civil penalty as a result of having made a false statement or failed to report a material fact according to § 72-1369(2) … (5) whether the claimant has received benefits to which s/he was not entitled, and if so, whether the requirement to repay benefits … may be waived.

On March 27, 2013, a Department appeals examiner conducted a hearing and issued a decision on the same day. The appeals examiner held that: (1) Claimant's benefits are denied effective December 2, 2012, because Claimant quit without good cause under Idaho Code section 72-1366(5); (2) Claimant willfully failed to report a material fact or made a false statement or representation in order to obtain unemployment benefits under Idaho Code section 72-1366(12); (3) Claimant received benefits to which the Claimant was not entitled; and, (4) Claimant's obligation to repay the overpayment of benefits was not waived.

On April 8, 2013, Claimant timely appealed to the Commission. On June 10, 2013, the Commission issued its decision and order affirming the appeals examiner. The Commission held that: (1) a new hearing to admit additional evidence offered by Claimant was not warranted; (2) Claimant had a fair hearing and ample opportunity to present evidence; (3) Claimant did not quit his job for good cause; (4) Claimant was not entitled to benefits for fifty-two weeks because he willfully failed to report a material fact in order to obtain benefits; (5) Claimant was not entitled to a waiver of repayment because he wilfully made false statements and/or failed to report material facts to the Department. The Commission ordered Claimant to repay the benefits he was not entitled to plus a 25% civil penalty. On July 19, 2010, Claimant timely filed a notice of appeal with this Court.

## II. ISSUES ON APPEAL

Although Claimant identifies the only issue on appeal as whether the Commission erred in its decision, we deem it appropriate to address three issues that appear to have been presented in Claimant's argument:

1. Did Claimant receive a fair hearing before the Commission?

3

2. Did the Commission err in affirming the appeals examiner's denial of unemployment benefits?

3. Is Claimant eligible for a waiver of his obligation to reimburse the Department for benefits he received but was not entitled to?

## III. STANDARD OF REVIEW

> When reviewing decisions of the Industrial Commission, this Court is limited to reviewing questions of law. Idaho Const. Art. V, § 9; *Pimley v. Best Values, Inc.*, 132 Idaho 432, 434, 974 P.2d 78, 80 (1999). This Court will not disturb factual findings supported by substantial and competent evidence. *Frank v. Bunker Hill Co.*, 142 Idaho 126, 130, 124 P.3d 1002, 1006 (2005). Where there is conflicting evidence, but the findings of the Commission are supported by substantial, competent evidence, the findings "must be sustained regardless of whether this Court may have reached a different conclusion." *Harris v. Electrical Wholesale,* 141 Idaho 1, 3, 105 P.3d 267, 269 (2004).

*Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006). "This Court adheres to the rule that persons acting *pro se* are held to the same standards and rules as those represented by attorneys." *Id*. (citing *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005)).

## IV. ANALYSIS

### A. Claimant received a fair hearing.

Claimant makes two separate fairness arguments. First, Claimant argues that the Commission could not have made a fair decision because of factual inaccuracies in the record. Second, Claimant argues that he was denied a fair hearing because the Commission did not consider additional evidence offered by Claimant. This Court has held that under 42 U.S.C. § 503(a)(3) all individuals whose claims for unemployment compensation are denied are entitled to "a fair hearing, before an impartial tribunal." *Fouste v. Dep't of Emp't*, 97 Idaho 162, 167 n.11, 540 P.2d 1341, 1346 n.11 (1975).

#### 1. Factual inaccuracies in the record before the Commission did not deprive Claimant of a fair hearing.

Claimant asserts that the Commission "couldn't make a fair decision based on the incorrect facts that were reported by case manager Leyla Barthlome." Claimant points to Exhibit 9 and Exhibit 12 to support his contention that factual inaccuracies deprived him of a fair hearing. As to Exhibit 9, Claimant argues that he could not have refused to work on December 6, 2012, as the appeals examiner found, because Exhibit 9 states that Claimant was terminated on December 5, 2012. As to Exhibit 12, a digital script generated by the Department, Claimant contends that three "clerical errors" exist. First, the script lists December 5, 2012, as the date he

4

was offered his position with Employer, when in fact Claimant accepted the position the last week of November. Second, the script indicates that Claimant's start date with Employer was February 25, 2013, when in fact it was December 3, 2012. Third, the script indicates that Claimant was paid for his labor with Employer on February 14, 2012, nearly ten months prior to him completing eleven hours of work with Employer on December 3, 2012.

The Commission stated, "[w]hile Claimant seems to question the date and manner that Employer offered him the additional assignment, what is not in dispute is that Claimant accepted the assignment but failed to show up for work." "Alleged errors regarding irrelevant facts are not a ground for setting aside the Commission's order, and therefore they need not be addressed on appeal." *Fife v. Home Depot, Inc.*, 151 Idaho 509, 515, 260 P.3d 1180, 1186 (2011).

It is evident that Exhibit 12, the digital script, is factually inaccurate in several respects. However, the date Claimant was offered his job, the date Claimant was to commence work, and the date Claimant received payment for his labor are irrelevant because they have no influence whatsoever on the issues presented in this appeal or on appeal to the Commission. The inaccuracies contained in Exhibit 9 are similarly irrelevant. Claimant seeks to establish that he could not have verbally accepted work from Employer on December 6, 2012, because documentation from the Employer, Exhibit 9, indicates he was terminated on December 5, 2012. However, Claimant's testimony before the appeals examiner was that on December 6, 2012, at 8:30 am, Employer called him into work, but that Claimant decided not to go because he didn't think HVAC work was for him. The fact that Employer's Change of Status form incorrectly listed Claimant's termination date as December 5, 2012, is not relevant because the precise date Claimant was terminated is not of consequence in determining whether Claimant quit without good cause and subsequently made willfully false statements in order to obtain unemployment benefits.

### 2. The Commission's decision not to consider additional evidence presented by Claimant did not deprive Claimant of a fair hearing.

On appeal to the Commission, Claimant offered additional evidence [2] that was not presented to the appeals examiner. The Commission concluded that the interests of justice did not necessitate a hearing for the purpose of introducing the additional evidence. In reaching this

---

[2] The additional evidence offered by Claimant is not in the record, but Claimant, in his brief on appeal, characterizes the additional evidence as phone records, which establish that he was called by Employer on December 5, 2012, at 7:56 am, and not on December 6, 2012.

decision, the Commission relied on Rule 7(B) of the Rules of Appellate Practice and Procedure Under the Idaho Employment Security Law (R.A.P.P.)[3] and Idaho Code section 72-1368(7). Specifically, the Commission considered the fact that Claimant's notice expressly warned him that the hearing before the appeals examiner may be his only chance to offer evidence and yet Claimant chose not to present the additional evidence at that time. The Commission also noted that Claimant failed to offer any explanation as to why the evidence was not offered to the appeals examiner. Finally, the Commission noted that Claimant could have requested that the appeals examiner re-open the hearing to admit additional evidence but failed to do so despite being informed of this right in his notice of hearing.[4] Ultimately, the Commission determined that "Claimant had a fair hearing and had ample opportunity to submit evidence" and denied Claimant's request to admit new evidence.

On appeal, Claimant argues that he did not receive a fair hearing before the Commission because the additional evidence he submitted was not considered by the Commission. In support of this claim, Claimant contends that he was not "advised to ask for a new hearing or [to] reopen the hearing to discuss any additional evidence." In response, the Department argues that the Commission did not abuse its discretion in refusing to consider additional evidence offered by Claimant.

"The Industrial Commission may, in its sole discretion, decide that the 'interests of justice require that the interested parties be permitted to present additional evidence. The Commission's decision on whether to consider additional evidence will not be overturned unless it abused its discretion.' " *Slaven v. Rd. to Recovery*, 143 Idaho 483, 484, 148 P.3d 1229, 1230 (2006) (quoting *Uhl v. Ballard Medical Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). *See also* I.C. § 72-1368(7) ("The record before the commission shall consist of the record

---

[3] Rule 7(B) provides:
> The party or parties requesting a hearing shall submit the following information with the request for hearing:
> 1. the reason for requesting the hearing;
> 2. whether the party desires to present evidence to the Industrial Commission in addition to that presented to the Appeals Examiner;
> 3. a description of the evidence the party desires to present;
> 4. an explanation of why the proposed evidence is relevant to the issues before the Industrial Commission; and
> 5. reason why the proposed evidence was not presented before the examiner.

R.A.P.P. 7(B)(1)-(5).

[4] Claimant's notice was accompanied by a document that was titled, Important Information About Your Hearing Read Carefully, which provided: "if you have evidence which was not available as the time of the hearing, you have ten (10) days after the date of mailing of the decision to file a written, signed request to reopen the hearing."

of proceedings before the appeals examiner, unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence. In that event, the commission may, in its sole discretion, conduct a hearing or may remand the matter back to the appeals examiner for an additional hearing and decision."). This Court employs a three-part test to determine whether the Commission has abused its discretion: "(1) whether the Commission correctly perceived the issue as one of discretion, (2) whether it acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Super Grade, Inc. v. Idaho Dep't of Commerce and Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007).

The Commission expressly recognized that its decision to admit or exclude the evidence was discretionary, stating "the Commission is granted the discretion to hold a new hearing to admit additional evidence if the interests of justice [so] require." The Commission acted within the outer boundaries of its discretion and consistently with the applicable legal standards. Specifically, the Commission cited to the appropriate law, Idaho Code section 72-1368(7) and R.A.P.P. 7(B). The Commission then addressed and considered several of the requirements outlined by R.A.P.P. 7(b)(1)-(5) before concluding that the interests of justice did not warrant a new hearing in order for Claimant to introduce the additional evidence. Importantly, the Commission noted that Claimant failed to provide any argument as to why the offered additional evidence was not presented to the appeals examiner. This fact alone has repeatedly led this Court to affirm the Commission's decision not to admit additional evidence. *See Slaven*, 143 Idaho at 485, 148 P.3d at 1231; *Excell Const., Inc. v. State, Dep't of Labor*, 141 Idaho 688, 694, 116 P.3d 18, 24 (2005); *Uhl*, 138 Idaho at 657–58, 67 P.3d at 1269–70. The record indicates that the Commission reached it decision through an exercise of reason. For these reasons, we conclude that Claimant has failed to demonstrate that the Commission abused its discretion by denying Claimant's request to present additional evidence. Thus, we hold that Claimant was not deprived of his right to a fair hearing.

**B. Claimant's assertion that the Commission erred in affirming the appeals examiner's denial of his unemployment benefits will not be addressed because it is not supported by any argument or authority.**

The appeals examiner's decision provided "[b]enefits are **DENIED** effective December 2, 2012. The claimant quit without good cause in connection with the employment, as defined by

§ 72-1366(5) of the Idaho Employment Security Law." The Commission affirmed, stating "Claimant did not quit his job for good cause connected with the employment because he voluntarily left a part-time permanent position for another part-time, permanent position." The Commission found that "Claimant has not met his burden of proof in establishing that he quit his job with good cause connected with employment and, therefore, is ineligible for unemployment insurance benefits." The Commission also held that Claimant was disqualified from receiving any unemployment benefits for a fifty-two week period pursuant to Idaho Code section 72-1366(12) because Claimant willfully made a false statement or willfully failed to report a material fact in order to obtain benefits.

On appeal, Claimant states that he is appealing "denial of unemployment benefits." Claimant asks "[w]hy is the second judge overturning the first judge's ruling[5] … to deny my entire benefit for accidentally making a false statement for one day earnings [sic] where I failed to report my status of the week ending December 8, 2012?" It appears that Claimant contends the Commission erred because he quit his job with Employer for good cause. Claimant states "I honestly believe that I quit an on call position for good cause for a part time position with guaranteed hours and pay …. I had no training in the HVAC field and I didn't feel comfortable working in that environment." Claimant further states "I feel that I am entitled receiving in receiving [sic] unemployment benefits from the State of IDAHO."

In appeals from the Commission, "[t]his Court has repeatedly held that pro se litigants are held to the same standards and rules as those litigants represented by an attorney." *Clark v. Cry Baby Foods, LLC*, 155 Idaho 182, 185, 307 P.3d 1208, 1211 (2013). This court will not consider claims on appeal from the Commission that are not supported with relevant argument and authority or coherent thought. *Id*.

Here, Claimant has not offered relevant argument and authority to support his claim that he quit his job with Employer for good cause. Instead, Claimant merely states that he didn't like Employer's scheduling practices, the work was difficult, and he feels entitled to unemployment benefits. Claimant does not cite to the record nor does he advance legal authority in support of his argument. Accordingly, we do not address Claimant's argument that he quit his job for good cause.

---

[5] This is a reference to an earlier decision that Claimant was entitled to unemployment benefits after being laid off from Commercial Tire.

## C. Waiver of unemployment benefits.

The Commission affirmed the appeals examiner's decision finding that Claimant was not entitled to a waiver of his obligation to repay the unemployment benefits Claimant received but to which he was not entitled. In affirming the appeals examiner's decision, the Commission noted that Idaho Code section 72-1369(5) expressly prohibits waiving a claimant's overpayment reimbursement where overpayment results from a willful false statement, misrepresentation, or failure to report a material fact on the part of the claimant. The Department argues that Claimant is not entitled to a reimbursement waiver as a matter of law. Relying on Idaho Code section 72-1369(5), the Department argues that neither the appeals examiner nor the Commission had the discretion to waive any part of the Claimant's overpayment, which resulted from Claimant's false statements.

"Idaho Appellate Rule 35 requires parties to list and argue issues presented on appeal. When issues presented on appeal are not supported by propositions of law, citation to legal authority, or argument they will not be considered by this Court." *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006) (citing *Langley v. State, Indus. Special Indem. Fund*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995)).

The entirety of Claimant's argument as to this issue is the following statement: "I feel that I am entitled to waiver of overpayment of unemployment benefits." This assertion does not satisfy I.A.R. 35. Accordingly, we do not address Claimant's assertion that he is entitled to a waiver of the overpayment reimbursement requirement.

## V. CONCLUSION

We affirm the Commission's decision and award costs on appeal to the Department.

Chief Justice BURDICK, Justices EISMANN, J. JONES and Justice Pro Tem WALTERS **CONCUR**.

9