**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43035 & 43737**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 774S** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 7, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SABINA HALLAM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| | ) | **SUBSTITUTE OPINION** |
| | ) | **THE COURT'S PRIOR UNPUBLISHED** |
| | ) | **OPINION DATED NOVEMBER 9, 2016** |
| | ) | **IS HEREBY WITHDRAWN** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction and sentence, <u>affirmed</u>; final order of restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Sabina Hallam appeals from her judgment of conviction entered upon her guilty plea to one count of grand theft by unauthorized control. Hallam argues the district court abused its discretion in retaining jurisdiction. Hallam also appeals the district court's order awarding restitution, arguing the restitution award is not supported by competent and substantial evidence. Because Hallam's claim that the district court abused its discretion in retaining jurisdiction is moot and because the restitution award was based on competent and substantial evidence, we affirm Hallam's judgment of conviction and sentence, and the restitution order in the amount of $30,787.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2011, an elderly woman with Parkinson's disease hired Hallam to help with "bill paying, shopping, transportation for doctor visits, and any other needs that required driving or a steady hand." Hallam was allowed to use the employer's credit cards to make purchases for the employer's family needs. The employer also authorized Hallam's personal use of the credit cards "only for an emergency when [Hallam] had gone on vacation." From February 2011 to June 2012, Hallam used the employer's credit cards to make numerous unauthorized purchases. Hallam admitted that her "personal use was around two to three thousand" dollars. However, an investigation by law enforcement concluded Hallam's unauthorized credit card use was between $34,087 and $38,167.

The State charged Hallam with five counts of felony grand theft by unauthorized control, Idaho Code §§ 18-2403(3), 18-2407(1)(b). Hallam pleaded guilty to one count of felony grand theft by unauthorized control and the remaining four counts were dismissed. At the sentencing hearing, Hallam asked a witness questions regarding restitution, and the State objected stating "[t]his is not a restitution hearing. This is a sentencing hearing. And some of these materials I have issue with respect to the restitution and we would intend to call probably three witnesses on these very issues." Hallam informed the court:

> [t]here's a PSI report that's looking at an investigation and its stating that Ms. Hallam is minimizing the amount that is owed. We're disputing that. We want to get that before the Court at sentencing before a restitution hearing, Judge. I don't plan on asking--going over every item by any means like a restitution hearing. We just want to get it before the Court that we strongly dispute what the amount is and that Ms. Hallam minimized the amount.

Hallam's trial counsel did not, however, explain why Hallam objected to the amount of restitution. The district court informed Hallam a restitution order would follow, but allowed Hallam latitude in questioning the witness. The district court imposed a unified sentence of five years, with three years fixed, and the court retained jurisdiction. The district court awarded $34,087 in restitution. Although the Register of Actions indicates Hallam filed a timely objection to the restitution order, no such objection is part of the record on appeal. The restitution hearing was delayed until after Hallam completed the period of retained jurisdiction.

After successfully completing the period of retained jurisdiction, Hallam was placed on probation for four years. The district court held a restitution hearing where it considered the

prosecutor's affidavit of restitution, testimony of the State's two witnesses, and the testimony of Hallam's witness. After the hearing, the district court entered its final order of restitution and ordered $30,787 in restitution. Hallam timely appeals from the final order of restitution.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

**A.      Hallam's Argument That the District Court Abused Its Discretion in Retaining Jurisdiction Is Moot**

Hallam argues the district court abused its discretion by retaining jurisdiction because Hallam presented mitigating circumstances that warranted placing her on probation. Hallam admitted she exceeded the scope of her employment agreement with her employer, expressed remorse for her actions, and admitted she owed her employer money. The State argues Hallam's challenge to retained jurisdiction is moot because she is currently on probation.

Under the mootness doctrine:

> This Court may dismiss an appeal when it appears that the case involves only a moot question. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

*State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cnty. Bd. of Cnty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). *See also State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). Here, Hallam's appeal is moot because her period of retained jurisdiction has ended and she was placed on probation. The issue presented is no longer live because Hallam has already received the only remedy she requests. Even assuming that Hallam should have received a suspended sentence with probation at the time of sentencing, such a determination from this Court would have no practical effect upon the outcome. Hallam does not argue that any exception to the mootness doctrine applies here.

3

Therefore, Hallam's claim that the district court abused its discretion in retaining jurisdiction is moot.[1]

**B.      The Restitution Order is Supported by Substantial and Competent Evidence**

On appeal, Hallam argues the district court abused its discretion in awarding restitution because the restitution award was not supported by competent and substantial evidence. Hallam makes two different claims regarding restitution. First, that the award of $21,701 for identifiable purchases is not supported by substantial evidence because the State did not submit any receipts for the unauthorized purchases, did not provide evidence of the specific amount for any purchases, and did not provide an individual accounting of the purchases in the record. As such, the amount of restitution was "simply a review of what [the deputy] believed to be unauthorized purchases." Second, Hallam asserts the award of $12,386 for food and sundries is not supported by substantial and competent evidence. Specifically, Hallam claims the expert's testimony was speculative evidence pursuant to *State v. Straub*, 153 Idaho 882, 292 P.3d 273 (2013) because it is unknown whether the employer actually suffered the average amount determined by the U.S. Bureau of Labor Statistics. Even if the bureau's statistical model was appropriate, Hallam asserts the deputy's figure of $70 a month for food away from home, his determination of $100 a month for sundries, and his determination of $50 a month for minor items were speculative and not supported by substantial evidence. The State argues *Straub* is inapplicable because the expenses in this case are defined, actual, and quantifiable, and are not speculative or forward-looking like those in *Straub*. Rather, the State argues this case is more like *State v. Lombard*, 149 Idaho 819, 242 P.3d 189 (2010).

**1.      The evidence upon which the district court based its decision was competent evidence**

This Court will not disturb factual findings supported by substantial and competent evidence. *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006). Substantial and competent evidence is "relevant evidence that a reasonable mind might accept to support a conclusion." *Id*. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

---

[1]      To the extent Hallam asserts that the length of her probation is excessive, she has shown no abuse of discretion.

without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). Testimony that amounts to speculation or conjecture is not relevant and therefore, not admissible. *State v. Marks*, 156 Idaho 559, 563, 328 P.3d 539, 543 (Ct. App. 2014).

For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated or the basis of the objection must be apparent from the context. *State v. Sheahan*, 139 Idaho 267, 277, 77 P.3d 956, 966 (2003). The reason for the requirement of a specific objection is to alert the trial court and the other party to the grounds of the objection so that it may be addressed or cured. *State v. Vondenkamp*, 141 Idaho 878, 885, 119 P.3d 653, 660 (Ct. App. 2005). The record before this Court does not contain any written objections to the restitution amount. As noted above, the verbal objection at the sentencing hearing does not explain why Hallam objected to the amount of restitution; counsel simply stated: "[w]e just want to get it before the Court that we strongly dispute what the amount is and that Ms. Hallam minimized the amount."

At the restitution hearing, Hallam's trial counsel stipulated to the admission of the U.S. Bureau of Labor Statistics information and did not object to the admission of the restitution memo, the Excel spreadsheet, or any of the testimony presented by the State, including the deputy's method of calculating the amount of restitution. Furthermore, Hallam's trial counsel did not object to the quantum of evidence presented by the State or allege the restitution amount was based on speculation and therefore, irrelevant or incompetent evidence. Although in this case, it appears that Hallam filed a written objection to restitution, that objection is not included in the record on appeal.

To the extent Hallam is arguing that speculative evidence should not have been admitted, in the absence of any objection to the relevance or competence of the evidence, Hallam is precluded from arguing on appeal the evidence regarding the food and sundries was speculative, or put another way, that the evidence was not relevant. *State v. Koch*, 157 Idaho 89, 102, 334 P.3d 280, 293 (2014) (where Koch objected to testimony on nonresponsiveness, he did not preserve a relevance challenge to the testimony). When she agreed, either explicitly or implicitly to the admission of the testimony and other evidence, Hallam conceded that the expert's testimony made the existence of a fact that is of consequence to the determination of the action--

5

what restitution was owed to the victim--more probable. Hallam cannot now argue the district court should not have admitted evidence she conceded was relevant. As such, the district court's decision was based on competent evidence.

Moreover, the victim's loss in this case is unlike the speculative loss in *Straub*. The restitution in that case involved future wages, which the Supreme Court determined did not constitute an "'actually suffered' economic loss." *Id.* at 890, 292 P.3d at 281. Here, there is a quantifiable loss, based on the testimony of the expert. Although Hallam now wishes to contest the relevancy of that testimony, such objection is waived.

This Court has noted that where employee theft has spanned a long period of time, there are inherent challenges involving the estimation of the actual stolen amount. *State v. Lombard*, 149 Idaho 819, 823, 242 P.3d 189, 193 (Ct. App. 2010). Here, the first witness, the employer's friend and an experienced bookkeeper, testified a review of the employer's financial records revealed considerable expenditures had been made on items of merchandise the employer at no time received or retained. The witness estimated Hallam made unauthorized purchases amounting to over $35,000.

The second witness, an Owyhee County Sheriff's office reserve deputy and former CPA, testified regarding his investigation. Before the State began direct examination of the deputy, Hallam's trial counsel stipulated to the admission of the 2012 U.S. Bureau of Labor Statistics consumer expenditure report and did not object to the admission of two documents created by the deputy: (1) an Excel spreadsheet showing expenditures he believed were inappropriate; and (2) a restitution memo. The restitution memo explained the unauthorized charges spanning a seventeen-month period and computed the amount of restitution due to the employer as follows:

|  | **Low** | **High** |
| --- | --- | --- |
| Category One Costs (identifiable goods) | $21,701 | $21,701 |
| Category Two Costs (food and sundries) | $12,386 | $16,466 |
| **TOTAL** | $34,087 | $38,167 |
| **LESS GAS** | $3,300 | $3,300 |
| **AMENDED TOTAL:** | $30,787 | $34,867 |

The restitution memorandum categorized the unauthorized charges into two categories. The first category consisted of $21,701 of identified purchases, which were "specific items identified as not for the [employer]." To determine the amount of the first category, the deputy

used credit card statements and merchants' receipts to locate expenditures. To determine which expenditures were unauthorized, the deputy reviewed all receipts and made note of any significant purchases. He next discussed the list of significant expenditures with the employer who verified whether each purchase was authorized. While the deputy sought the employer's opinion concerning a majority of the identifiable charges, he testified that for a minority of the charges, he independently determined whether the charges were made with the employer's authorization.

To determine the amount of the second category, food and sundry items, the deputy subtracted $21,701 (first category charges) from $49,194 (total charges), for a resulting amount of $27,493. The deputy calculated how much of the $27,493 was validly charged for the employer based on interviews with the victim, his personal opinion, and food expenditure statistics found in the 2012 U.S. Bureau of Labor Statistics consumer expenditure report. Using numbers from the bureau's statistics, the deputy determined the average annual expenditure for food for a family unit of two and one-half people during 2011 and 2012 amounted to $3,380. This would convert to $3,104 for two people, approximately $260 per month. The deputy also testified:

> [The bureau of labor statistics report] also identified a factor which they called "food away from home," that is eating out, that sort of thing, which they said a family of two would be $120 a month. Since [the employer and her father] didn't go out to eat, I tried to adjust that back to what the appropriate amount had they eaten at home would be . . . so I've added $70 for what I'll call "food at home."

Further, to determine the amount of sundries per month attributable to the employer, the deputy testified:

> I made my own estimate just because of how I live with my wife, the two [of] us, that somewhere near $100 a month might be appropriate for sundries, toilet paper, toothpaste, blah-blah. And then I added in just a cushion for anything I might have missed or not thought about. So I ended up with a figure of $480 per month for food and sundries.

Using the above calculations, the expert came up with a range of restitution amounts; such evidence was competent and in the absence of any objection, properly relied upon by the district court.

### 2. The evidence was substantial

Hallam also argues the speculative nature of the evidence goes to its weight, in addition to its admissibility and asserts the district court could not or should not have relied upon the

7

evidence. We disagree. One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985). By allowing the evidence to be admitted unchallenged, Hallam consented or acquiesced in the district court's consideration of the evidence. If Hallam did not want the district court to rely on the evidence, she should have taken steps to prevent its admission. Despite the district court's reliance on competent evidence, Hallam argues the evidence was not substantial because it was speculative. As noted above, Hallam has waived any claim the evidence was speculative.

Moreover, the district court reasonably relied on the evidence admitted to support its conclusion--that the victim suffered a financial loss in the amount established during the restitution hearing. Considering all the evidence in the record, we conclude there was evidence the district court could reasonably accept to support its finding that the victim suffered a loss of $34,087. Therefore, we affirm the district court's order of restitution.

## IV.

## CONCLUSION

Hallam's claim that the district court abused its discretion in retaining jurisdiction is moot. Furthermore, because in the district court Hallam failed to provide a basis for the objection to the restitution amount, failed to object to the method by which restitution was calculated, and failed to raise the issue that there was not substantial evidence to support an award of restitution, Hallam has shown no error. Thus, we affirm the district court's judgment of conviction and sentence and final order of restitution.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.