79 P.3d 162

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Matthew D. MATALAMAKI, Defendant–Appellant.**

No. 29154.

Court of Appeals of Idaho.

Oct. 17, 2003.

Kwate Law Offices, Lewiston, for appellant. Robert J. Kwate argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Matthew D. Matalamaki appeals from the district court's order, on intermediate appeal from the magistrate division, affirming his judgment of conviction for driving with an invalid license. We affirm.

## I.

### FACTS AND PROCEDURE

On March 27, 2001, Matalamaki received a traffic citation for failure to display license plates or stickers. Matalamaki failed to either contest or pay the penalty and, as a result, the citation was defaulted on April 24, 2001. On July 2, 2001, the Idaho Transportation Department notified Matalamaki that his driving privileges would be suspended for a period of ninety days pursuant to I.C. § 49–1505.[1] The Idaho Transportation Department also notified Matalamaki that the suspension of his license would be effective from July 18, 2001, through October 16, 2001. On July 24, 2001, Matalamaki paid the infraction penalty but did not pay the fee to reinstate his driving privileges.

On September 20, 2001, Matalamaki was arrested and received a citation for driving without privileges. I.C. § 18–8001. On September 28, 2001, Matalamaki sent the reinstatement fee to the Transportation Department and his driving privileges were reinstated on October 2, 2001. Matalamaki pled not guilty to driving without privileges, and the magistrate set the matter for trial. The parties then stipulated to waive a jury trial and proceed with a court trial. During its closing argument, the state requested that the magistrate render a verdict of guilty to driving without privileges or, alternatively, "to the lesser-included offense of driving with an invalid license."

The magistrate found Matalamaki not guilty of driving without privileges but guilty of driving with an invalid license in violation of I.C. § 49–301. Matalamaki then filed a motion to reconsider, which the magistrate denied. Matalamaki appealed to the district court. The district court affirmed Matalamaki's judgment of conviction for driving with an invalid license. Matalamaki again

1. Idaho Code Section 49–1505 (suspension of driver's license and privileges for failure to pay underlying traffic infraction penalty) states, in pertinent part:

(1) The department shall immediately suspend the driver's license, permit and operating privileges of any driver upon receiving notice from any court of the state that a person has failed to pay the penalty for a traffic infraction judgment. . . .

(2) The suspension of operating privileges under this section shall continue for a period of ninety (90) days or until the penalty has been paid, whichever comes first, from notice of suspension by the department. . . .

(3) Upon proper application and payment of any required fee, a driver's license, privileges or permit suspended under this section shall be reinstated by the department after the period of ninety (90) days, or shall be reinstated at an earlier date upon proof of payment of the penalty for the infraction. . . .

(4) After the expiration of a ninety (90) day suspension under this section, the driver's license, permit and driving privileges of the driver whose driver's license, permit and driving privileges were suspended shall not be reinstated under the provisions of section 49–328, Idaho Code, nor renewed under the provisions of section 49–319, Idaho Code, until the penalty for the infraction has been paid to the court in the county in which the citation was issued.

(5) Any person operating a motor vehicle after the expiration of a ninety (90) day suspension under this section, whose driver's license, privileges or permit has not been reinstated under the provisions of section 49–328, Idaho Code, or renewed under the provisions of section 49–319, Idaho Code, shall be in violation of the provisions of section 49–301, Idaho Code, for operating a motor vehicle without a driver's license.

appeals, arguing that the magistrate erred when it found that driving with an invalid license pursuant to I.C. § 49–301 is a lesser-included offense of driving without privileges under I.C. § 18–8001.

## II.

### ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which the Court exercises free review. *State v. Curtis,* 130 Idaho 522, 523, 944 P.2d 119, 120 (1997).

Idaho Code Section 19–2312, which governs when a defendant may be convicted of an included offense, provides that the "jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." In *Curtis,* the Idaho Supreme Court set forth two theories under which a particular offense may be determined to be a lesser-included offense. Only one of the two theories must be satisfied.

■ Under the "statutory theory," a court will determine whether a crime is a lesser-included offense by looking to the statute defining the crime and ascertaining if the matter argued as a lesser-included offense is one that is necessarily included in that crime which is defined in the particular statute. *Id.* at 524, 944 P.2d at 121. For an offense to be an included offense under the statutory theory, it must be impossible to commit the greater offense without having committed the lesser offense. *Id.*

In the instant case, Matalamaki was charged with driving without privileges pursuant to I.C. § 18–8001, but was ultimately found guilty of driving with an invalid license under I.C. § 49–301. Idaho Code Section 18–8001 (driving without privileges) states, in pertinent part:

(1) Any person who drives or is in actual physical control of any motor vehicle upon the highways of this state with knowledge or who has received legal notice . . . that his driver's license, driving privileges or permit to drive is revoked, disqualified or suspended in this state or any other jurisdiction is guilty of a misdemeanor.

Idaho Code Section 49–301 (driving with an invalid license) states, in pertinent part:

No person, except those expressly exempted by the provisions of this chapter, shall drive any motor vehicle upon a highway unless the person has a valid Idaho driver's license.

■ Under the statutory theory, this Court must determine whether it is impossible to commit the offense of driving without privileges without having committed the offense of driving with an invalid license. Matalamaki argues that the two statutes differ because the driving with an invalid license statute uses the language "no person shall drive" and the driving without privileges statute uses the language "drives or is in actual physical control." This difference, Matalamaki argues, makes it possible to violate the driving without privileges statute without violating the driving with an invalid license statute if a person is not actually driving but is only in physical control. We are not persuaded by this argument. It is undisputed that on September 20, 2001, Matalamaki was driving. Under these facts, and those in which a defendant is driving a vehicle, it is impossible for the defendant to commit the offense of driving without privileges and not commit the offense of driving with an invalid license. Therefore, under the statutory theory, driving with an invalid license is a lesser-included offense of driving without privileges. *See* I.C. § 49–1505(5).

■ The second theory used to determine whether a particular offense is a lesser-included offense is the "pleading theory." Under this theory, a court will look to see if the complaint charges the accused with a crime the proof of which necessarily includes the proof of the acts which constitute the lesser-included offense. *Curtis,* 130 Idaho at 524,

944 P.2d at 121. Under the pleading theory, an offense is an included offense if it is alleged in the complaint as a means or element of the commission of the higher offense. *Id.*

Matalamaki's amended complaint provided that on September 20, 2001, Matalamaki did "drive, operate, or have in his actual physical control, a motor vehicle . . . while [his] driving privileges [were] revoked, disqualified, or suspended." The complaint charged Matalamaki with driving without privileges but included disjunctive language providing Matalamaki with notice that the state may prove an element of the offense by establishing one of three alternatives. The state did not have to establish all three in order to prove that Matalamaki violated the law.

The elements necessary to establish a violation of I.C. § 49–301, driving with an invalid license, were all alleged in the amended complaint. The complaint does not explicitly describe the offense of driving with an invalid license as an element of driving without privileges but it does provide as such when it alleges facts that satisfy each element of the driving with an invalid license offense. Additionally, if an individual's driving privileges are revoked, disqualified, or suspended, the individual's license is inherently invalid. Where a defendant was driving a motor vehicle, the allegations in the complaint must satisfy the elements of driving with an invalid license before satisfying all the elements of driving without privileges. Therefore, under the pleading theory, the offense of driving with an invalid license is a lesser-included offense of driving without privileges.

## III.

### CONCLUSION

Based on the theories of determining whether an offense is a lesser-included offense, driving with an invalid license is a lesser-included offense of driving without privileges. Therefore, the district court's order, affirming the magistrate's entry of Ma-

talamaki's judgment of conviction for driving with an invalid license, is affirmed.

Judge GUTIERREZ and Judge Pro Tem SCHWARTZMAN concur.