# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37059

| | | |
|---|---|---|
| IN THE MATTER OF THE LICENSE SUSPENSION OF STEVEN M. WANNER. | ) ) | |
| ------------------------------------------------------- | ) | Pocatello, September 2010 Term |
| STEVEN M. WANNER, | ) | |
| | ) | 2011 Opinion No. 1 |
| Petitioner-Respondent, | ) | |
| v. | ) | Filed: January 3, 2011 |
| | ) | |
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, | ) ) | Stephen Kenyon, Clerk |
| | ) | |
| Respondent-Appellant, | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County. Hon. David C. Nye, District Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u> with directions to dismiss the petition for judicial review and vacate the stay of the driver's license suspension.

Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, for appellant. Stephen J. Muhonen argued.

May, Rammell & Thompson, Chtd., Pocatello, for respondent. Aaron Thompson argued.

---

HORTON, Justice

Steve Wanner (Wanner) was arrested on suspicion of driving under the influence and the results of his breath tests were over the legal limit. Based upon Wanner's failure of this evidentiary test, the officer provided him a form captioned as "Notice of Suspension" (the Notice or Notice of Suspension) provided by the Idaho Department of Transportation (IDOT). Wanner then requested an administrative hearing, although this request was not made within seven days as required by I.C. § 18-8002A(7). IDOT, acting in its administrative capacity, denied the request as untimely. Wanner appealed to the district court, arguing that the Notice did not provide sufficient notice regarding the effect of any suspension on his commercial driving privileges and thereby denied him due process. The district court agreed with Wanner, reversed

- 1 -

IDOT's decision and held that Wanner was entitled to an administrative hearing. IDOT appeals from that decision.

Because we find that Wanner failed to timely request a hearing regarding the suspension of his driving privileges pursuant to I.C. § 18-8002A and because he has failed to exhaust his administrative remedies relating to his disqualification from operating a commercial vehicle, we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of August 7, 2008, an Idaho State Police officer investigated a call reporting that a pickup truck had been driven off the road. Wanner admitted to driving the pickup, which was not a commercial vehicle. Although Wanner was the holder of a Class A commercial driver's license (CDL), he did not have the license in his possession. As the officer spoke with Wanner, he smelled alcohol and Wanner admitted that he had a couple of drinks with lunch. The officer subsequently had Wanner perform field sobriety tests. Based upon the results of the horizontal gaze nystagmus test and Wanner's difficulty in performing other tests, the officer arrested Wanner for driving under the influence. The officer transported Wanner to the Franklin County Sheriff's office, read and explained the Notice, and Wanner submitted to a breath test. The results of the breath test were 0.094 and 0.090, both of which exceed the legal limit of 0.08. I.C. § 18-8004(1)(a).

The Notice provided to Wanner contains a variety of language relevant to this appeal. The section most relevant to Wanner's status reads:

> 5.     If you take and fail the evidentiary test(s) pursuant to Section 18-8002A, Idaho Code:
>
> > A.     Your Idaho driver's license will be seized if you have it in your possession, and if it is current and valid you will be issued a temporary permit. Non-resident licenses will not be seized and shall be valid in Idaho for thirty (30) days from the service of this notice of suspension, provided the license is valid in the issuing state. If you were operating a commercial motor vehicle, any temporary permit issued will not provide commercial driving privileges of any kind.
> >
> > B.     I will serve you with this Notice of Suspension that becomes effective thirty days from the date of service on this Notice, suspending your driver's license or privileges. If this is your first failure of an evidentiary test your driver's license or driving privileges will be suspended for ninety (90) days, with absolutely no driving privileges during the first thirty (30) days. You may request restricted driving privileges for the remaining sixty (60) days of the suspension. Restricted

driving privileges will not allow you to operate a commercial motor vehicle. If this is not your first failure of an evidentiary test within the last five (5) years, your driver's license or driving privileges will be suspended for one (1) year with absolutely no driving privileges of any kind during that period.

C. You have the right to an administrative hearing on the suspension before the Idaho Transportation Department to show cause why you failed the evidentiary test and why your driver's license should not be suspended. The request must be made in writing and be received by the department within seven (7) calendar days from the date of service of this Notice of Suspension. You also have the right to judicial review of the Hearing Officer's decision.

Similar language is repeated on the back side of the Notice.

Other relevant language included on the face of the Notice of Suspension refers to CDLs. The Notice includes a box asking whether the driver was operating a commercial vehicle and states that if you refuse to take the breath tests and "you were operating a commercial motor vehicle, any temporary permit issued will not provide commercial driving privileges of any kind." In addition, the Notice states in bolded capital letters "this suspension for failure or refusal of the evidentiary test(s) is separate from any other suspension ordered by the Court." The back side of the Notice also states that "[i]f you have questions or need additional information regarding this notice or your driving privileges, call Driver Services at 334-8735."

The Notice did not address the situation presented by the underlying facts of this case: the consequences of refusing or failing evidentiary testing for the holder of a CDL who was not operating a commercial vehicle at the time of contact with law enforcement. This is significant because I.C. § 49-335(2) provides that a motorist who fails evidentiary testing is disqualified from operating a commercial vehicle for not less than one year.

Wanner did not request an administrative hearing within the seven days precribed in the Notice. Rather, he first requested a hearing fourteen days later, on August 21, 2008. Although there is nothing in the record on appeal showing that IDOT provided Wanner with notice of his disqualification from operating commercial vehicles, it appears that such a notice prompted his delayed request for a hearing, although his request for a hearing was made pursuant to I.C. § 18-8002A. On August 22, 2008, IDOT mailed a "Notice of Untimely Request for Hearing" denying Wanner's request. That notice informed Wanner that his suspension would become effective September 6, 2008. It also included the statement that "[y]ou may appeal the denial of your hearing to the district court for a judicial review within 28 days from the date of this notice." On

September 18, 2008, Wanner filed a petition for judicial review with the district court. Wanner also requested a stay of his license suspension, which was granted on September 19, 2008 by the magistrate court.

IDOT filed a motion to dismiss on January 13, 2009. IDOT argued in its accompanying memorandum that because Wanner did not request a hearing within seven days and included no explanation for his untimely request, he waived his right to contest the suspension. The district court found that the petition for judicial review asserted that Wanner had received "improper and/or insufficient" notice and the officer "did not properly advise him of his rights in accordance with Idaho law." Concluding that IDOT's motion went "to the very crux of the appeal," the district court denied the motion.

After receiving oral argument from the parties, the district court issued a decision holding that the Notice of Suspension did not adequately notify Wanner of the potential consequences to his CDL. IDOT requested rehearing, seeking clarification as to whether the court's decision addressed suspension of Wanner's non-commercial driving privileges or whether it was intended to be restricted to any prospective agency action relating to Wanner's CDL. On September 10, 2009, the district court issued an amended decision. In its second decision, the district court stated:

> Due process requires that drivers with CDLs, who are driving non-commercial vehicles at the time of suspension, be given notice of the impact of I.C. § 49-335(2) and its one year disqualification in the Notice of Suspension. Without that notice CDL drivers cannot make an informed decision regarding whether to file an appeal under I.C. § 18-8002 and I.C. § 18-8002A within the required seven days. Therefore, because proper notice was not given, [Wanner] is entitled to a hearing under I.C. § 18-8002, I.C. § 18-8002A,, and I.C. § 49-326(4).

The district court concluded that Wanner "has seven days from the date of this Amended Decision to file proper notice of his appeal under I.C. § 18-8002, 18-8002A, and I.C. § 49-326(4)." On September 22, 2009, IDOT timely appealed to this Court.

## II. STANDARD OF REVIEW

A hearing under I.C. § 18-8002A results in an "agency action" and is therefore governed by the Idaho Administrative Procedure Act (IDAPA). I.C. § 67-5240. *See also Druffel v. State, Dep't of Transp.*, 136 Idaho 853, 855, 41 P.3d 739, 741 (2002). "Judicial review of agency proceedings is limited. However, the reviewing court is obliged to reverse a decision if substantial rights of an individual have been prejudiced because the administrative findings and

conclusions are in violation of statutory provisions." *Morgan v. Idaho Dep't of Health and Welfare*, 120 Idaho 6, 9, 813 P.2d 345, 348 (1991). The constitutionality of a statute or administrative regulation is a question of law over which this Court exercises free review. *Am. Falls Res. Dist. No. 2 v. Idaho Dep't of Water Res.*, 143 Idaho 862, 869, 154 P.3d 433, 440 (2007) (citing *Moon v. N. Idaho Farmers Ass'n*, 140 Idaho 536, 540, 96 P.3d 637, 641 (2004)). "On appeal, this Court reviews agency decisions directly, independent of the district court's determination." *Allen v. Blaine Cnty.*, 131 Idaho 138, 141, 953 P.2d 578, 581 (1998).

### III. ANALYSIS

IDOT makes two arguments on appeal. First, it argues that Wanner was required to make any request for an evidentiary hearing within seven days after he received the Notice and that, because he did not, the district court and this Court have no jurisdiction to hear the case. Second, IDOT argues that even if this Court does have jurisdiction, Wanner has not been denied due process and that Wanner has waived his right to an administrative hearing.

Due to the manner in which Wanner has framed his claim that his due process rights were violated, both before the district court and on appeal, we initially observe that Wanner has only one driver's license, a Class A CDL. This appeal addresses the suspension of that driver's license pursuant to I.C. § 18-8002A. The second issue in this appeal, the potential application of I.C. § 49-335(2), does not involve suspension of Wanner's driver's license; rather, it relates to the possibility that Wanner, once his driver's license suspension has ended, will be disqualified from operating a certain class of motor vehicles. We conclude that Wanner did not timely request a hearing as to suspension of his driving privileges pursuant to I.C. § 18-8002A and that he has failed to exhaust his administrative remedies as to any disqualification of his commercial driving privileges.

This appeal requires us to consider the interplay of several statutes governing the driving privileges of motorists who are requested to submit to evidentiary testing. Idaho Code § 18-8002 prescribes the penalties governing all aspects of a motorist's driving privileges in the event of a refusal to submit to or complete evidentiary testing. I.C. § 18-8002(4)(a)-(c).[1] A judge, rather than IDOT, determines whether a motorist's driver's license will be suspended. I.C. § 18-8002(4)(b),(c).

---

[1] There is some overlap in the application of I.C. § 18-8002 and I.C. § 18-8002A to cases involving the refusal to submit to or complete evidentiary testing. As this case does not present this circumstance, we do not explore any divergence between the two statutes.

Idaho Code § 18-8002A prescribes the penalties governing all aspects of a motorist's driving privileges in the event that the motorist submits to, but fails, evidentiary testing. I.C. § 18-8002A(4)(a). This suspension is imposed by IDOT and the statute provides for administrative review of the suspension. I.C. § 18-8002A(4), (7). The statute further grants the right of judicial review of the decision made by the administrative hearing officer. I.C. § 18-8002A(8).

The motor vehicle code prescribes additional consequences which result from a motorist's refusal to submit to evidentiary testing or failing such testing. These additional consequences solely relate to the ability to operate commercial vehicles. Idaho Code § 49-335(2) provides:

> Any person who operates a commercial motor vehicle or who holds a class A, B or C driver's license is disqualified from operating a commercial motor vehicle for a period of not less than one (1) year if the person refuses to submit to or submits to and fails a test to determine the driver's alcohol, drug or other intoxicating substances concentration while operating a motor vehicle.

Idaho Code § 49-326 governs suspension, disqualification and revocation of driving privileges by IDOT. This statute contains provisions relating to notice of the agency action and the opportunity for the affected driver to request an administrative hearing relating to that action completely independent of the provisions found in Title 18:

> Upon suspending, revoking, canceling or disqualifying the driver's license or driving privileges of any person, the department shall immediately notify the applicant or licensee in writing, at the licensee's address on file with the department pursuant to section 49-320, Idaho Code. Upon his request the department shall afford him an opportunity for a hearing before a hearing officer appointed by the director. The hearing may be held by telephone within twenty (20) days after receipt of the request, unless this period is for good cause shown, extended by the hearing officer for one ten-day period. The notice and hearing shall be required prior to the imposition of additional suspension or disqualification periods beyond the periods as set forth in this section. Upon a hearing the hearing officer may administer oaths, may issue subpoenas for the attendance of witnesses and the production of relevant books and papers, and may require a reexamination of the licensee. Upon the hearing the department shall either rescind its order or, with good cause, may affirm or extend the suspension or disqualification of the driver's license or revoke the driver's license.

Idaho Code § 49-326(4). The motor vehicle code provides the motorist with the right of judicial review from an adverse decision by the administrative hearing officer. I.C. § 49-330.

Pursuant to the IDAPA, Wanner is not entitled to judicial review unless he has exhausted all administrative options available to him. I.C. § 67-5271(1). "As a general rule, a party must exhaust administrative remedies before resorting to the courts to challenge the validity of administrative acts. This Court has recognized two exceptions to this rule: (a) when the interests of justice so require, and (b) when the agency acted outside its authority." *Lochsa Falls, L.L.C. v. State*, 147 Idaho 232, 237, 207 P.3d 963, 968 (2009) (internal quotations omitted).

> [I]mportant policy considerations underlie the requirement for exhausting administrative remedies, such as providing the opportunity for mitigating or curing errors without judicial intervention, deferring to the administrative processes established by the Legislature and the administrative body, and the sense of comity for the quasi-judicial functions of the administrative body.

*White v. Bannock Cnty. Comm'rs*, 139 Idaho 396, 401-02, 80 P.3d 332, 337-38 (2003).

Wanner's central argument is that he is entitled to a hearing under I.C. § 18-8002A despite the fact that he did not request that hearing within the statutory seven-day period because the Notice of Suspension did not afford him sufficient notice of the consequences regarding his CDL. We interpret this argument as invoking the "interests of justice" exception of the exhaustion requirement.[2] In our view, Wanner's argument conflates two distinct issues. First, there are those administrative remedies relating to the driver's license suspension governed by I.C. § 18-8002A. Second, there are those administrative remedies that relate to the potential one-year disqualification from operating a commercial vehicle. Wanner has waived the former and failed to exhaust the latter.

The initial suspension of Wanner's driver's license is governed by I.C. § 18-8002A, which provides that a ninety-day suspension will be effective as of IDOT's receipt of the officer's sworn statement. I.C. § 18-8002A(4). Subsection seven of I.C. § 18-8002A then allows the person whose license has been suspended to request a hearing within seven days to contest the ninety-day suspension. The record is clear that Wanner failed to request the hearing in a timely manner, and Wanner admits that he did not do this. Under the terms of I.C. § 18-8002A, by failing to avail himself of the opportunity for a hearing within the timeframe allowed by statute, Wanner waived his right to an administrative hearing. I.C. § 18-8002A(4)(a)(ii) ("Any right to contest the suspension shall be waived if a hearing is not requested as . . . provided.").

---

[2] Wanner does not suggest that IDOT has acted outside its authority.

Wanner argues that the notice provided by I.C. § 18-8002A did not meet the dictates of due process. This, he argues, excuses his untimely filing. However, Wanner does not attempt to explain how his due process rights have been violated by the suspension of his driver's license by operation of I.C. § 18-8002A; rather, his argument focuses on the consequences to his CDL (the one-year disqualification from the right to operate a commercial motor vehicle mandated by I.C. § 49-335(2)). It is clear that Wanner does not seek to avoid the driver's license suspension; rather, he seeks to avoid the one-year disqualification of his commercial driving privileges. This is a consequence of the failed evidentiary test that is independent and distinct from the suspension of Wanner's license under I.C. § 18-8002A.

Our interpretation of these as two separate issues is based upon the language of the relevant statutes. Idaho Code § 18-8002A refers to the suspension of "the person's driver's license" and specifies the possibility of a temporary permit after thirty days. I.C. § 18-8002A(5)(a). By contrast, I.C. § 49-335 provides that the holder of a CDL "is disqualified from operating a commercial motor vehicle . . ." I.C. § 49-335(2). Thus, the 18-8002A suspension governs Wanner's driving privileges in toto, while the 49-335 suspension only applies to a particular subset of driving privileges, i.e., Wanner's right to operate a commercial vehicle.

As Wanner did not timely request an administrative hearing as to the suspension of his driving privileges pursuant to I.C. § 18-8002A, he was not entitled to an administrative hearing. I.C. § 18-8002A(4)(a)(ii). As he failed to exhaust his administrative remedies, he was not entitled to judicial review. I.C. § 67-5271(1). For that reason, to the extent that Wanner's request for judicial review related to his driver's license suspension, the district court should have dismissed the petition for judicial review and vacated the order staying suspension previously entered by the magistrate.

The hearing authorized by I.C. § 49-326(4) is not subject to the seven-day time limit that applies to a suspension under I.C. § 18-8002A. While the record does not contain a copy of any request for a hearing pursuant to I.C. § 49-326(4), Wanner's attorney represented to the district court that such a request has been made.

The district court found that a hearing on a suspension under I.C. § 49-335 "is meaningless relative to CDL drivers driving non-commercial vehicles unless the hearing also covers I.C. § 18-8002 and I.C. § 18-8002A issues." The district court's rationale for including I.C. § 18-8002 in its analysis is unclear, inasmuch as that section does not prescribe penalties for

failing an evidentiary test. The district court's rationale for conflating the penalties and procedures governed by Title 18 and Title 49 is similarly unclear, as the district court did not cite case law or statutory language to explain why a hearing under I.C. § 49-326(4) would not provide Wanner with an adequate administrative remedy.

Until such time as that hearing is conducted, judicial intervention into the matter of Wanner's disqualification from operating a commercial vehicle is premature. The statutory scheme under the motor vehicle code does not contemplate judicial review unless the administrative hearing process is complete. I.C. § 49-330. As Wanner has failed to demonstrate that he has exhausted the remedy that is applicable to his concern, the petition for judicial review should be dismissed. Of course, this dismissal does not impact Wanner's right to judicial review of any decision ultimately rendered under I.C. § 49-326(4).

## IV. CONCLUSION

We find that Wanner has waived his right to challenge the suspension of his driver's license. We find that he has failed to exhaust his administrative remedies relating to his disqualification from operating a commercial vehicle. We reverse the district court's decision with directions to dismiss the petition for judicial review and to vacate the September 19, 2008 stay of Wanner's driver's license suspension.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.