**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44379**

| | | |
|---|---|---|
| In the Matter of the Driver's License Suspension of: Jesse Leroy Herrmann | ) ) | |
| JESSE LEROY HERRMANN, | ) | 2017 Opinion No. 44 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: September 19, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, IDAHO TRANSPORTATION DEPARTMENT, | ) ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge.

Decision of the district court, acting in its appellate capacity, setting aside Idaho Transportation Department's denial of request for administrative license suspension hearing, <u>affirmed</u>.

Susan K. Servick, Coeur d'Alene, for appellant.

James E. Siebe, Moscow, for respondent.

---

GRATTON, Chief Judge

The Idaho Transportation Department (ITD) appeals from the district court's decision setting aside ITD's denial of Jesse Leroy Herrmann's request for an administrative license suspension hearing. ITD determined that Herrmann's request was untimely. We affirm the district court's determination that the request was timely.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Herrmann failed an evidentiary breath test on Sunday, December 6, 2015, and was arrested and charged with driving under the influence of alcohol. Herrmann was served with a notice of suspension for failure of evidentiary testing, advising him that ITD would suspend his driving privileges unless he filed a written request for an administrative hearing within seven

1

calendar days from the date of the notice. Herrmann filed a request for administrative hearing with ITD by facsimile on Monday, December 14, 2015, eight calendar days from service. ITD concluded the request was not timely filed and denied Herrmann's request. Thereafter, Herrmann filed a petition for judicial review with the district court. Following a hearing, the district court set aside ITD's decision and remanded the administrative license suspension to ITD for the purpose of conducting an administrative license suspension hearing. ITD timely appeals.

## II.

## ANALYSIS

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding upon the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions violate statutory or constitutional provisions; exceed the agency's statutory authority; are made upon unlawful procedure; are not supported by substantial evidence in the record; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

In the present case, there are no factual issues on appeal. The single issue is whether Herrmann timely filed his request for an administrative hearing. The statute pertaining to the deadline provides:

> Administrative hearing on suspension. A person who has been served with a notice of suspension after submitting to an evidentiary test may request an administrative hearing on the suspension before a hearing officer designated by the department. *The request for hearing shall be in writing and must be received by the department within seven (7) calendar days of the date of service upon the person of the notice of suspension*, and shall include what issue or issues shall be raised at the hearing. The date on which the hearing request was received shall be noted on the face of the request.

Idaho Code § 18-8002A(7) (emphasis added).

The general rule is that the interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and, in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored. *See Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

ITD maintains that the statutory language is clear and unambiguous, and therefore no statutory interpretation is necessary to determine what is meant by seven calendar days, resulting in the deadline falling on Sunday, December 13, 2015. Conversely, Herrmann asserts two other statutes, I.C. §§ 73-109 and 73-108, dictate that the deadline would fall on December 14, 2015, which is the day he filed his request. Idaho Code § 73-109 provides, "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last

3

unless the last is a holiday and then it is also excluded." Idaho Code § 73-108 provides, "Holidays, within the meaning of these compiled laws, are: Every Sunday . . . ."

The Idaho Supreme Court has clarified that while conclusions of law are freely reviewable, in an appeal of agency actions, a four-prong test must be applied to determine the appropriate level of deference to be given to an agency construction of a statute. *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 571, 21 P.3d 890, 893 (2001). If the four-prong test is met, then courts must give considerable weight to the agency's interpretation of the statute. *Preston v. Idaho State Tax Comm'n*, 131 Idaho 502, 504, 960 P.2d 185, 187 (1998). The Court must first determine if the agency has been entrusted with the responsibility of administering the statute at issue. *Hamilton*, 135 Idaho at 571, 21 P.3d at 893. Second, the agency's statutory construction must be reasonable. Third, the Court must determine that the statutory language at issue does not expressly treat the precise question at issue. Finally, the fourth prong requires the Court to make a determination of whether any of the rationales underlying the rule of deference are present. *Id.*

In this case, ITD is clearly entrusted with the responsibility of administering I.C. § 18-8002A, therefore satisfying the first prong. Regarding the second prong, ITD argues its interpretation of I.C. § 18-8002A(7) is reasonable "[g]iven the immediate and expeditious time considerations for the Department to determine whether a driver's privileges should be suspended based upon a failed evidentiary test."[1] It also claims it satisfies the third prong, requiring the Court to determine that the statutory language at issue does not expressly treat the precise question at issue. An agency's interpretation will not be followed if it contradicts the clear expression of the legislature. *Hamilton*, 135 Idaho at 572, 21 P.3d at 894. ITD asserts there is nothing about its interpretation of the statute in question that contradicts the clear statutory language. However, the legislature expressly stated how time should be calculated for any act provided by law, which would include I.C. § 18-8002A(7). "The time in which *any act provided by law* is to be done is computed by excluding the first day, and including the last

---

[1] ITD contends that filings can be delivered to ITD through "a variety of mechanisms" on holidays and weekends. How a driver would know this is uncertain. Moreover, ITD's interpretation would create an anomaly in the system of calculating time. The Idaho Supreme Court has endorsed a system that establishes "a uniform system of computing time for the convenience of both the court and the litigants." *Cather v. Kelso*, 103 Idaho 684, 686, 652 P.2d, 188, 190 (1982) (discussing I.R.C.P. 6(a)).

4

unless the last is a holiday and then it is also excluded." I.C. § 73-109 (emphasis added). Given that the last day of the seventh calendar day fell on a Sunday, which is considered a holiday pursuant to I.C. § 73-108, the legislature clearly expressed its intent that the time should be calculated to determine the deadline in Herrmann's case to be Monday, December 14, 2015. This holding is also consistent with Title 34, governing elections. Idaho Code § 34-116, entitled "CALENDAR DAYS USED IN COMPUTATION OF TIME," provides:

> Calendar days shall be used in all computations of time made under the provisions of this act. In computing time for any act to be done before any election, the first day shall be included and the last, or election day, shall be excluded. *Sundays, Saturdays and legal holidays shall be included, but if the time for any act to be done shall fall on Sunday, Saturday or a legal holiday, such act shall be done upon the day following such Sunday, Saturday or legal holiday.*

I.C. § 34-116 (emphasis added). A review of the fourth prong regarding a determination of whether any of the rationales underlying the rule of deference are present is unnecessary given the failure to meet the second and third prong of the deference test formulated by *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991).

Finally, ITD cites *Wanner v. State, Dep't of Transp.*, 150 Idaho 164, 244 P.3d 1250 (2011), to support its argument that the Idaho Supreme Court did not find any ambiguity in determining the appropriateness of its interpretation of the seven-calendar-day period provided in I.C. § 18-8002A(7). The Idaho Supreme Court noted that I.C. § 18-8002A(7) "allows the person whose license has been suspended to request a hearing within seven days to contest the ninety-day suspension." *Wanner*, 150 Idaho at 169, 244 P.3d at 1255. It held that the petitioner in that case had waived his right to an administrative hearing by failing to request a hearing within the seven-day period following his notice of suspension. *Id.* However, that case does not deal with the specific issue here, where the last day falls on a holiday.

More analogous to the specific issue here is *Page v. McCain Foods, Inc.*, 145 Idaho 302, 179 P.3d 265 (2008). In that case, the claimant filed a motion for reconsideration with the Industrial Commission regarding a worker's compensation claim. *Id.* at 311, 179 P.3d at 274. Pursuant to I.C. § 72-718, which governs workers compensation and related laws, motions to reconsider must be made within twenty days from the date of filing the decision. *Page*, 145 Idaho at 311, 179 P.3d at 274. In that case, Page conceded that she did not mail her motion until the twenty-first day following the Industrial Commission's order; however, Page argued the computation of time would have resulted in the twentieth day falling on July 4 (a holiday). *Id.*

5

The Industrial Commission denied the claim as being untimely filed; however, the Idaho Supreme Court held the computation of time in I.C. § 72-718 is controlled by I.C. §§ 73-108 and 73-109 and concluded that because July 4 is a holiday, the deadline for filing a motion for reconsideration was July 5. Therefore, it held the claimant complied with the timing requirement and reversed the Industrial Commission's denial of her motion for reconsideration. *Page*, 145 Idaho at 311, 179 P.3d at 274.

ITD's interpretation of I.C. § 18-8002A(7) contradicts the clear expression of the legislature regarding how to calculate time for an act provided by law. The computation of time is governed by I.C. §§ 73-108 and 73-109. To be consistent with these statutes and others, including I.C. § 34-116 which defines "calendar days," we hold that because the seventh day following Herrmann's notice of suspension fell on a Sunday, which is a holiday, it is excluded. Thus, the completion of the seven-day period would fall on the following day, Monday, December 14, 2015. Because Herrmann filed his request for an administrative hearing on Monday, December 14, his request was timely.

### III.

### CONCLUSION

Herrmann's request for an administrative license suspension hearing pursuant to I.C. § 18-8002A(7) was timely filed. ITD's decision is reversed, and this case is remanded to ITD for the purpose of conducting an administrative license suspension hearing.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

6