**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 45896

| | |
|---|---|
| BRUCE ALLEN EDWARDS,       ) | |
|            ) | |
|       **Petitioner-Appellant,** ) | **Boise, August 2019 Term** |
| v.            ) | |
|            ) | **Filed: September 9, 2019** |
| **IDAHO TRANSPORTATION**    ) | |
| **DEPARTMENT,**            ) | **Karel A. Lehrman, Clerk** |
|            ) | |
|       **Respondent.**      ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The judgment of the district court is <u>affirmed</u>.

Watson Law Offices, PLLC, Coeur d'Alene, for appellant Bruce Allen Edwards.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent Idaho Transportation Department.

_____

STEGNER, Justice.

Due to a failed breath alcohol test and multiple convictions for driving under the influence, the Idaho Transportation Department disqualified Bruce Edwards' driving privileges to operate a commercial motor vehicle. The district court affirmed the Department's order and Edwards timely appealed. For the following reasons, we affirm the district court's judgment and the Department's lifetime disqualification of Edwards' commercial motor vehicle driving privileges.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case are not disputed. Edwards was issued a class A commercial driver's license on March 7, 2011. Edwards' class A commercial driver's license also authorized him to "operate vehicles requiring a class B, C or D license." *See* I.C. § 49-105(17)(a).

On April 25, 2012, Edwards was arrested in Boundary County, Idaho, for driving under the influence of alcohol after his breath test samples indicated a breath alcohol content of 0.085

1

and 0.082. This arrest did not lead to a DUI conviction. However, it did result in the suspension of his license. The Department then sustained a ninety-day administrative license suspension that was set forth in the Notice of Suspension given to Edwards the day of his arrest. Based on the suspension, which established that Edwards had failed an evidentiary breath test, the Department disqualified Edwards' commercial driver's license privileges for one year. The disqualification began on May 25, 2012, and was to be in effect until May 25, 2013. The Department specifically noted that the disqualification in no way affected Edwards' class D noncommercial driving privileges, which involved a separate and distinct proceeding. Edwards did not appeal this disqualification.

Edwards was arrested for a second DUI on January 27, 2013, in Kootenai County, Idaho. A blood draw demonstrated that Edwards' blood alcohol content was 0.125. Subsequently, Edwards pleaded guilty and was sentenced for driving under the influence of alcohol a month later.

On February 19, 2013, prior to his judgment of conviction, the Department sent Edwards a notice informing him of its intent to withdraw his driving privileges to operate any motor vehicle for one year. On that same day, the Department notified Edwards of its intention to disqualify Edwards' "privilege to operate a commercial vehicle" for his lifetime. Both the administrative license suspension to operate any vehicle and the disqualification of his ability to operate a commercial motor vehicle were to go into effect on March 25, 2013. However, both were eventually vacated by the district court. This occurred as follows: Edwards requested a hearing on the administrative license suspension stemming from the Kootenai County charge, which occurred on March 25, 2013. Two days later, the Department issued a written order upholding a year-long administrative license suspension. However, Edwards successfully appealed this administrative license suspension, which was vacated by the district court on March 24, 2015.

Edwards also challenged his lifetime disqualification stemming from the Kootenai County charge. Hearings on that request were held on December 3 and December 12, 2014. Subsequently, the Department issued a preliminary order disqualifying Edwards from operating a commercial motor vehicle for his lifetime. Edwards also appealed this decision to the district court. The district court also eventually vacated this lifetime disqualification on March 24, 2015.

2

While Edwards was in the process of contesting the Kootenai County administrative license suspension and disqualification, he was arrested for a third time on June 7, 2013, in Bonner County, Idaho. This arrest was also based on a driving under the influence charge. Edwards refused to be tested upon his arrest. On July 2, 2013, Magistrate Judge Debra Heise signed an order suspending all of Edwards' driving privileges for refusing to submit to an evidentiary test. The year-long suspension was part of a civil case, Case No. CV-2013-1060, beginning on June 17, 2013. This third arrest led to Edwards' conviction of driving under the influence in Bonner County on December 5, 2013. On that same day, Edwards' civil suspension case, Case No. CV-2013-1060, was vacated and dismissed. It is undisputed that Edwards did not have commercial driver's license privileges during these later convictions, because he had been disqualified from operating a commercial motor vehicle.

Approximately a year and a half later, the Department notified Edwards by letter and by a Notice of Lifetime Disqualification that it intended to impose a mandatory lifetime disqualification of his commercial driving privileges. The disqualification was to take effect on August 17, 2015. The Department claimed Edwards' initial 2012 administrative license suspension coupled with a second "major offense" warranted his lifetime disqualification. The Department's letter listed three possible second major offenses: his DUI conviction on February 27, 2013, a "refusal conviction" on July 2, 2013, and his DUI conviction on December 5, 2013. The Notice of Lifetime Disqualification only noted an undated driving under the influence conviction as the second major offense. After a hearing on September 8, 2015, the Department issued a written order sustaining Edwards' lifetime disqualification. Edwards appealed to the district court. The district court remanded the matter for a new hearing because the testimony from the September 8, 2015, hearing was unavailable. A new hearing occurred on March 21, 2016. The Department again sustained Edwards' lifetime disqualification. Edwards appealed again by petition for judicial review. The district court affirmed the lifetime disqualification and dismissed Edwards' petition. Edwards timely appealed his disqualification to this Court.

## II. STANDARD OF REVIEW

The appropriate standard of review regarding the Department's determination has recently been set out by the Idaho Court of Appeals:

> The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal

3

from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding upon the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions violate statutory or constitutional provisions; exceed the agency's statutory authority; are made upon unlawful procedure; are not supported by substantial evidence in the record; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

*Herrmann v. State*, 162 Idaho 682, 684, 403 P.3d 318, 320 (Ct. App. 2017); *see also Duncan v. State Bd. of Accountancy*, 149 Idaho 1, 3, 232 P.3d 322, 324 (2010).

When an issue calls upon this Court to interpret a statute, that interpretation is a question of law subject to free review. *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015).

## III.    ANALYSIS

### A. Edwards was a holder of a commercial driver's license during the entirety of these proceedings and is therefore subject to a lifetime disqualification.

The thrust of Edwards' argument on appeal is that once his initial disqualification occurred, it effectively stripped him of his commercial driver's license, thus negating his status as "a holder of a CDL." Edwards further contends that because he was not a holder of a commercial driver's license when the latter events occurred, he could not be subject to the lifetime disqualification, as such sanctions only apply to a holder of a commercial driver's

4

license. Edwards relies on the language of a number of statutes, none of which define a "holder" of either a commercial driver's license or any other license.

This pivotal issue necessarily involves the interpretation and interplay of Idaho statutes and federal regulations. When Title 49 of the Idaho Code as a whole is examined, the statutory scheme is clear. We therefore affirm the district court's determination based on the plain language of the applicable statutes.

When interpreting statutes, the objective is to give effect to legislative intent, which should be derived from the whole act at issue. *Farmers Nat'l. Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014) (citations omitted). "Statutory interpretation begins with the literal language of the statute and provisions should not be read in isolation, but must be interpreted in the context of the entire document." *Hayes*, 159 Idaho at 170, 357 P.3d at 1278 (quotation marks and citation omitted). "Legislative definitions of terms included within a statute control and dictate the meaning of those terms as used in the statute. . . . Where the legislature has not provided a definition in the statute, terms in the statute are given their common, everyday meanings." *State v. Yzaguirre*, 144 Idaho 471, 477, 163 P.3d 1183, 1189 (2007) (citations omitted). Thus, undefined words of statutes are to be given their plain, obvious, and rational meanings. *See Farmers Nat'l. Bank*, 155 Idaho at 856, 318 P.3d at 625.

Edwards' lifetime suspension was imposed pursuant to Idaho Code section 49-335, which is titled "Disqualifications and Penalties — Commercial Driver's License." Subsection (4) of that statute provides,

> A person is disqualified for the period of time specified in 49 CFR part 383 if found to have committed two (2) or more of any of the offenses specified in subsection (1) or (2) of this section, or any combination of those offenses, arising from two (2) or more separate incidents.

I.C. § 49-335(4). The penalties established in subsections (1) and (2) apply to those "who hold[ ] a" commercial driver's license. I.C. § 49-335(1)–(2). In turn, the Code of Federal Regulations states that "[a] *holder of a* . . . CDL is subject to disqualification sanctions designated in paragraphs (b) and (c) of this section, if the *holder* drives a CMV or non–CMV and is convicted of the violations listed in those paragraphs." 49 C.F.R. § 383.51(a)(3) (italics added). Paragraph (b) implements a lifetime disqualification "[f]or a second conviction or refusal to be tested in a separate incident of any combination of" either "[b]eing under the influence of alcohol as

5

prescribed by State law" or "[r]efusing to take an alcohol test as required by a State . . . ." 49 C.F.R. § 383.51(b). Similarly, Idaho Code subsection 49-335(1)(a) and 335(2) list these same violations, respectively. Thus, pursuant to 49 C.F.R. § 383.51, *a holder of a CDL* who has received a second DUI conviction, or a second refusal, or any combination of the two, is subject to a lifetime disqualification under Idaho Code section 49-335(4).

The inquiry then becomes whether Edwards' initial year-long disqualification of his CDL privileges negated his status as a "holder of a CDL," which would in turn undermine the applicability of a lifetime disqualification. The word "holder" or what it means "to hold" a license is not defined in the Act. Thus, we turn to dictionary definitions "[t]o ascertain the ordinary meaning of an undefined term in a statute . . . ." *Arnold v. City of Stanley*, 158 Idaho 218, 221, 345 P.3d 1008, 1011 (2015) (citing *Hap Taylor & Sons, Inc. v. Summerwind Partners, LLC,* 157 Idaho 600, 614, 338 P.3d 1204, 1218 (2014)). To "hold," means "to have possession or ownership of[,]" and a "holder" is "a person that holds[ ] as a[n] . . . owner[.]" *Hold*, *holder*, Merriam-Webster's Collegiate Dictionary 592 (11th ed. 2007). Accordingly, someone is no longer a holder of a license once they are divested of ownership or possession of the license. An examination of Title 49 as a whole discloses that there is a distinction between a license and the privileges granted by that license. Because of this distinction, Edwards was still a "holder of a CDL" at the relevant times.

> Initially, Title 49 defines a driver's license as follows:
>
> "Driver's license" means a license . . . [including a CDL, *see* I.C. § 49-104(8)] issued by the department or by any other jurisdiction to an individual which authorizes the individual to operate a motor vehicle or commercial motor vehicle on the highways in accordance with the requirements of title 49, Idaho Code.

I.C. § 49-105(16). Although Title 49 does not define "privileges," Black's Law Dictionary defines "privilege" as "[a] special legal right . . . granted to a person or class of persons . . . . A privilege grants someone the legal freedom to do or not to do a given act." *Black's Law Dictionary* (11th ed. 2019). Accordingly, the related privilege granted through a driver's license or CDL is the legal ability to "operate a motor vehicle or commercial motor vehicle on the highways . . . ." *See* I.C. § 49-105(16). Different classes of driver's licenses grant different driving privileges, e.g., the authority to operate commercial or different sized vehicles. *See* I.C. § 49-105(17). For instance, a valid class A commercial driver's license also includes the privileges

granted through class B, C, and D licenses. *Id.* A person's privileges under a commercial driver's license can change and be "downgraded." I.C. § 49-105(13). One of the ways in which this may occur is when "[t]he driver no longer has commercial motor vehicle driving privileges, but has retained privileges to drive noncommercial motor vehicles." *Id.* This is precisely what occurred to Edwards. In apprising Edwards of his status following the disqualification of his commercial vehicle driving privileges, the Department noted that "[h]is class D [noncommercial] privileges shall not be affected" by the year-long disqualification. Accordingly, a commercial driver's license is distinct from the driving privileges granted under it, and a driver may still "hold" that license, despite being disqualified from exercising certain privileges.

On the other hand, a person would no longer be a "holder of a license" if his license were "cancelled" or "revoked." I.C. §§ 49-104(1), 119(17). This is because both of these procedures *terminate* a driver's license and require a new driver's license application to be submitted if the driver seeks driving privileges following a termination. I.C. §§ 49-104(1), 119(17). When the Department suspends, cancels, or revokes a driver's license, the driver is required to surrender his license to the Department, which would terminate the driver's status as a holder of a license. I.C. §§ 49-327, 322(2). However, when the Department disqualifies a driver's commercial driving privileges, there is no corresponding statutory requirement for the driver to surrender his driver's license. *See* I.C. § 49-335, 327. This demonstrates that the disqualification of *privileges* does not impact one's status as a holder of a *license*. Edwards was disqualified under Idaho Code section 49-335, but remained a "holder of a license" because he was not required to surrender his license to the Department.

With the understanding that a license and its related privileges are legally distinct, the Department also made it clear that its year-long disqualification only dealt with Edwards' commercial driving privileges, not his commercial driver's license. The Department wrote, "[t]he disqualification of the driver's *commercial driving privileges* is a consequence unique to commercial drivers that resulted from his failure of the breath test . . . ." (Italics added.) The Department also made it clear that Edwards could still maintain class D privileges through his class A commercial driver's license. As a result, Edwards did not lose his commercial driver's license, and he continued to be a "holder of a CDL" despite his year-long disqualification.

Notwithstanding the distinction discussed above, Edwards maintains that a disqualification of his CDL privileges still effectively negated his status as a holder of a CDL.

Edwards first relies on the definition of "driver's license" for this argument, noting that a defining characteristic of a driver's license is that it "authorizes the individual to operate a motor vehicle or commercial motor vehicle on the highways . . . ." I.C. § 49-105(16). He maintains that because he was not authorized by the Department to operate a commercial motor vehicle on a highway due to the disqualification, that he necessarily could not have held a commercial driver's license. However, as discussed above, the loss of certain privileges does not necessarily equate to the loss of a license. Edwards was able to maintain certain class D driving privileges through his class A commercial driver's license, despite his year-long disqualification. Thus, he was still a holder of a class A commercial driver's license. Had he not been a holder of that license, he would have been afforded class D driving privileges.

Edwards next relies on a case from the Court of Appeals which stated, "if an individual's driving privileges are revoked, *disqualified*, or suspended, the individual's license is inherently invalid." *State v. Matalamaki*, 139 Idaho 341, 344, 79 P.3d 162, 165 (Ct. App. 2003) (italics added). However, this case is not controlling. First, *Matalamaki* was a criminal matter involving a determination of whether driving with an invalid license, a violation of Idaho Code section 49-301, was a lesser included offense of driving without privileges under Idaho Code section 18-8001. *See generally id.* These two statutes are not at issue here.

More importantly, *Matalamaki* did not analyze a commercial driver's license that granted different levels of privileges. Accordingly, the Court of Appeals did not consider a situation analogous to the one presented by this case, where certain privileges were disqualified yet other privileges remained valid under the same license. Considering this, the statement "if an individual's driving privileges are revoked, disqualified, or suspended, the individual's license is inherently invalid" is overly broad under the circumstances of this case. Therefore, *Matalamaki* is not instructive here, and we reject Edwards' argument to the contrary.

In conclusion, Edwards was a holder of a CDL under Title 49 and therefore subject to the lifetime disqualification under Idaho Code section 49-335(4) and 49 C.F.R. § 383.51.

**B. The fact that Edwards' refusal to submit to an evidentiary test was later vacated is immaterial to whether the Department had sufficient evidence to disqualify Edwards' commercial driving privileges.**

Edwards' final argument is that the Department's use of the "refusal conviction" dated July 2, 2013, as the second major offense was in error because his refusal case was ultimately vacated and thus did not amount to a "conviction." Edwards correctly points out that his civil suspension case regarding his refusal was subsequently vacated and dismissed. However, because there was sufficient evidence to disqualify Edwards from holding a commercial driver's license without the vacated refusal, it is unnecessary to address this argument.

Edwards fails to explain how, even if the "refusal conviction" were found inapplicable to his lifetime disqualification, his two later DUI convictions would not satisfy the required second major offense under Idaho Code section 49-335(1)(a). To recap the relevant facts: (1) Edwards was driving and failed a breath alcohol test in Boundary County on April 25, 2012; (2) Edwards was convicted of driving under the influence in Kootenai County on February 27, 2013; and (3) Edwards was convicted of driving under the influence in Bonner County on December 5, 2013. Any two of these three events could subject Edwards to a lifetime disqualification of his commercial driver's license. The fact that there was a fourth event, a refusal to undergo testing, which was ultimately vacated is immaterial to the Department's disqualification of Edwards' privileges. Even assuming Edwards is correct regarding this issue, a conclusion we do not reach because it is unnecessary, the lifetime disqualification would still stand based on these two later DUI convictions; as a matter of fact, the Department noted a DUI conviction was the applicable "second major offense" in its Notice of Lifetime Disqualification. There was sufficient evidence available to the factfinder to conclude Edwards should be disqualified during his lifetime from having commercial driving privileges.

**C. No attorney fees will be awarded.**

Both parties failed to request attorney fees in their opening briefs. In his reply brief, Edwards requests attorney fees pursuant to Idaho Code section 12-117. Requesting attorney fees in a reply brief is not sufficient under I.A.R. 41, absent a sufficient reason for a later claim of attorney fees. Moreover, Idaho Code section 12-117 allows attorney fees to the prevailing party. Edwards is not the prevailing party. Therefore, no attorney fees will be awarded.

## IV. CONCLUSION

In conclusion, the Department's lifetime disqualification was neither arbitrary nor capricious. It did not exceed the Department's statutory authority and did not violate Title 49. *See* I.C. § 67-5279(3). The district court properly affirmed the Department's lifetime disqualification of Edwards' commercial driving privileges.

The district court's judgment is affirmed. No attorney fees are awarded; costs are awarded to the Department.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER CONCUR.